William J. LESTER, Plaintiff-Appellant,

v.

COUNTY OF TERRY, TEXAS, Defendant-Appellee.

No. 73–1961.

United States Court of Appeals, Fifth Circuit.

March 29, 1974.

See also, D.C., 353 F.Supp. 170.

Leota Heil Alexander, Johnny Splawn, Lubbock, Tex., for plaintiff-appellant.

Tom S. Milam, Cecil C. Kuhne, Lubbock, Tex., for defendant-appellee.

Before THORNBERRY, GOLDBERG and INGRAHAM, Circuit Judges.

PER CURIAM:

On September 17, 1971, plaintiff-appellant suffered serious injury to his back while in the employ of Terry County, Texas. He initially filed a workmen's compensation claim, only to discover that the County did not carry this form of employer's liability insurance. He then instituted the present action under the Texas Tort Claims Act [1] in the United States District Court for the Northern District of Texas. Jurisdiction was founded on diversity of citizenship. At trial special issues were submitted to the jury, which returned findings against defendant on the question of negligence, and against plaintiff in the matters of contributory negligence and assumption of risk. On the basis of these findings the trial court entered a judgment that plaintiff take nothing.

Plaintiff does not dispute the sufficiency of the evidence introduced in support of the common law defenses of contributory negligence and assumption of risk. He argues, rather, that as a matter of state statutory and federal constitutional law the issues should never have been submitted to the jury. Finding plaintiff's legal arguments to be without merit, we affirm.

The Texas rule on the common law tort defenses available to a county in actions by its employees appears in Article 8309c, § 3 of the state's Revised Civil Statutes. The implications of that Article for plaintiff's cause of action were ably set out by the district court after a hearing on the County's motion to strike two paragraphs of plaintiff's complaint —one dealing with the question of the common law defenses.

"[Article 8309c, § 3] provides in part that a county may voluntarily choose to purchase workmen's compensation insurance but that said provision "is permissive and not mandatory." A

1. Vernon's Tex.Rev.Civ.Stat.Ann. art. 6252–19 (1970).

county not voluntarily electing to carry Workmen's Compensation Insurance is not deprived of its common-law defenses in an action against it by a county employee.

"This same art. 8309c, § 3, provides further that a county must purchase such insurance if the voters of the county so determine in an election and provides that 'if *such county* fails to provide either self-insurance or insurance under a policy of insurance, the county shall be subject to Sections 1 and 4, of Article 8306 . . .' [emphasis added]. Section 1 of art. 8306 denies employers the benefit of the common-law defenses. Therefore it is an inescapable inference that in a county in which no election has resulted in a mandate for insurance coverage, section 1 of art. 8306 does not apply and the county has available to it the common-law defenses. See Op. Atty.Gen.1969, No. M–527 (Tex.)"

Lester v. County of Terry, Texas, 353 F.Supp. 170, 172 (N.D.Tex.1973).

■ We find no fault in this reasoning; and, since no workmen's compensation election had been held in Terry County, the district court correctly applied Texas law in submitting the issues of contributory negligence and assumption of risk to the jury.

■ Plaintiff's primary constitutional argument rests on the equal protection clause of the Fourteenth Amendment. Private employers eligible for participation in Texas' workmen's compensation system lose their common law defenses in personal injury actions by their employees if they fail to participate in the program.[2] Plaintiff contends that if this Court interprets Article 8309c, § 3 as preserving those defenses to certain eligible but nonparticipating counties, then the employees of those counties, placed in a less advantageous position than employees of nonparticipating private enterprises, have been denied the equal protection of the laws. We find this position singularly unpersuasive.

This Court cannot disturb the boundaries of coverage drawn by the Texas legislature for the state's workmen's compensation program unless we find those parameters to be without rational basis. United States v. Carolene Products Co., 1938, 304 U.S. 144, 58 S.Ct. 778, 82 L. Ed. 1234. Article 8309c, § 3 is designed to provide counties with one method for meeting the financial burdens imposed by the Texas Tort Claims Act when their employees are injured on the job —workmen's compensation. In the private sector participation in the program is partly coerced by the removal of the important common law defenses for non-subscribers without the imposition of a countervailing limit on liability in tort. The decision not to coerce county participation by the automatic abrogation of defenses could justifiably arise from the legislature's recognition that both governmental resources and employee needs might differ significantly among Texas' 254 counties, making a system of workmen's compensation unnecessarily expensive or cumbersome for some areas. It might also derive from a desire to provide maximum flexibility to local governmental units out of a general solicitude for the public treasury. This same concern over the assault of private tort claims on the tax dollar once prompted complete governmental immunity, a concept whose constitutionality plaintiff does not challenge. An interest sufficient to justify absolute immunity will certainly support the present limited retention of defenses.

Affirmed.

2. Tex.Rev.Civ.Stat.Ann. art. 8306, § 4 (1970).