Santos **FERNANDEZ, Jr.**

v.

**REYNOLDS METALS COMPANY.**

**Civ. A. No. 74-C-80.**

United States District Court,
S. D. Texas,
Corpus Christi Division.

Nov. 11, 1974.

David L. Perry, Corpus Christi, Tex., for Santos Fernandez, Jr.

William H. Keys, Corpus Christi, Tex., for Reynolds Metals Co.

## MEMORANDUM

OWEN D. COX, District Judge.

Reynolds Metals Company (hereafter "Defendant") filed its Petition for Removal on June 26, 1974. Therein Defendant states that this cause commenced with the filing of Santos Fernandez, Jr.'s (hereafter "Plaintiff") First Original Petition in the 148th Judicial District Court of Nueces County, Texas, on October 10, 1973. That petition, according to the Defendant, alleged an amount in controversy of less than $10,000.

On May 30, 1974, Plaintiff filed his First Amended Original Petition, which petition presents the claim currently before this Court. At the direction of the state court, Defendant filed its Plea to the Jurisdiction, Plea in Abatement, and its First Amended Original Answer, on June 6, 1974.

Alleging that the amount in controversy now exceeds $10,000, and that diversity of citizenship between the Plaintiff and itself existed at the time the action was commenced, and continues to date, Defendant characterizes this action as one of a civil nature over which the District Courts of the United States have original jurisdiction.

In his Motion to Remand, Plaintiff first asserts that his First Amended Original Petition alleges a claim for the violation of Vernon's Ann.Civ.Stat., Art. 8307c (Supp.1974), which statute constitutes part of the Texas Workmen's Compensation Act. Pursuant to 28 U.S.C., § 1445(c), removal of such action from the state court to the federal court is proscribed.

Plaintiff contends that his Original Petition sought to recover past-due pension and disability benefit payments, benefits alleged to be due until Plaintiff reached the age of sixty-five (65), and attorney's fees and costs. Inclusion of benefits alleged to be due in the future enables the amount in controversy to exceed $10,000. Plaintiff states that if diversity jurisdiction now exists, it existed at the time Plaintiff's Original Petition was filed, and that under the provisions of 28 U.S.C., § 1446(b), Defendant's Petition for Removal was not timely filed.

In further support of his Motion to Remand, Plaintiff contends that after May 30, 1974, Defendant filed various motions which affirmatively invoked the jurisdiction of the state district court, and that by such actions Defendant waived any right to remove this action.

If 28 U.S.C., § 1445(c), is controlling here, then this case must be remanded. So, first we need to determine whether or not the Plaintiff's contention that the state's workmen's compensation law en-

compasses his cause of action based on Art. 8307c is correct.

An examination of Plaintiff's First Amended Original Petition reveals but one claim, which concerns the alleged discriminatory action taken by the Defendant because Plaintiff utilized workmen's compensation proceedings. Absent are the references to claimed disability or pension benefits present in the Original Petition.

However, even if the First Amended Original Petition presented claim(s), in addition to that based on Art. 8307c, the action could not be removed pursuant to 28 U.S.C., § 1441(c), if the Court should determine that the Art. 8307c claim is nonremovable. See Gamble v. Central of Georgia Railway Co., 486 F.2d 781 (5 Cir. 1973).

Defendant's opposition to remand rests on the contention that Art. 8307c is not a workmen's compensation statute within the meaning of 28 U.S.C., § 1445(c), because it is not a claim for compensation for an injury received as an employee. The title to the enactment which appears in the Texas statutes as Article 8307c reads:

"An Act relating to the protection of persons who file a claim or hire an attorney or aid in filing a claim or testify at hearings concerning a claim under the Texas Workmen's Compensation Act; and declaring an emergency". Acts 1971, 62nd Leg., p. 884, ch. 115.

The fact that the statute has been codified as a part of the Workmen's Compensation Act does not make any claim filed under it a traditional workmen's compensation action. There is little case law on this matter.

The only reported decision involving Art. 8307c held that a claim based on that provision would not lie against an employer who had not obtained workmen's compensation coverage. Lester v. County of Terry, Texas, 353 F.Supp. 170 (N.D.Tex.1973), aff'd, 491 F.2d 975 (5 Cir. 1974). Although that decision did not state that Art. 8307c was part of the state's workmen's compensation laws, it did find that the existence of workmen's compensation coverage constituted a prerequisite to the maintenance of an action under Art. 8307c.

The language of 28 U.S.C., § 1445(c), which reads:

"28 U.S.C., § 1445: Nonremovable Actions

"(a)  *  *  *

"(b)  *  *  *

"(c) A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States."

does not purport to preclude removal of only those actions arising under workmen's compensation laws which seek to recover for a job-related injury.

The legislative history regarding 28 U.S.C., § 1445(c), indicates a congressional desire to restrict access to federal courts by way of diversity jurisdiction, and the belief that once a workmen's compensation case reached the state court, it should remain there through disposition. Bryan v. Liberty Mutual Ins. Co., 415 F.2d 314 (5 Cir. 1969). See also National Security Corp. v. Chamberlain, 171 F.Supp. 591 (N.D.Tex.1959), for a review of that legislative history.

The Court concludes that Art. 8307c, which offers protection for those who wish to pursue claims under the state's workmen's compensation laws, must be considered part of those laws for the purpose of removability set forth in 28 U.S.C., § 1445(c). Such a result comports with the dictates that federal courts should not strain to find ways to entertain workmen's compensation suits, Kay v. Home Indemnity Co., 337 F.2d 898, 901 (5 Cir. 1964), as well as the proposition that a case should be remanded if federal jurisdiction is doubtful. Williams v. Tri-County Community Center, 323 F.Supp. 286 (S.D.Miss.), aff'd, 452 F.2d 221 (5 Cir. 1971). Plaintiff's Motion to Remand shall be granted accordingly.