**Donnie Joe KEMP, Plaintiff,**

v.

**DAYTON TIRE AND RUBBER COMPA-NY, a Foreign Corporation, Defendant.**

**No. CIV-77-0396-D.**

United States District Court,
W. D. Oklahoma.

July 6, 1977.

William H. Brogden, Verland E. Behrens, Oklahoma City, Okl., for plaintiff.

Edward E. Soule, Oklahoma City, Okl., Thorley C. Mills, Jr., Akron, Ohio, for defendant.

**ORDER**

DAUGHERTY, Chief Judge.

This is an action which was originally brought in the District Court of Oklahoma County, Oklahoma, and subsequently removed to this Court by the Defendant. Plaintiff seeks recovery herein of actual and punitive damages he allegedly sustained as a result of Defendant's wrongful termination of Plaintiff's employment in violation of 85 Okl.Stat.1976 Supp. § 5 et seq.[1] It is asserted that this Court has subject matter jurisdiction by reason of diversity of citizenship and amount in controversy pursuant to 28 U.S.C. § 1332.

Plaintiff has filed herein a Motion for Remand wherein he asks that this case be remanded to the Oklahoma County District Court and seeks his costs incurred in this Court by reason of such removal. Said Motion is supported by a Brief and Defendant has filed a Brief in opposition to said Motion.

In support of his Motion, Plaintiff contends that the instant action is specifically nonremovable under 28 U.S.C. § 1445(c) and that the case of *Fernandez v. Reynolds Metals Co.*, 384 F.Supp. 1281 (S.D.Tex.1974), held that said section prohibited the removal from state court of a civil action based on a statute similar to 85 Okl.Stat.1976 Supp. § 5 et seq.

In its Brief in opposition to Plaintiff's Motion, Defendant contends 28 U.S.C. § 1445(c) was intended to bar removal of traditional workmen's compensation proceedings wherein the injured employee

---

1. The pertinent sections of Title 85 are § 5 and § 6 which provide as follows:

"§ 5. Claim—Discharge of employee

No [employer] may discharge any employee because the employee has in good faith filed a claim, or has retained a lawyer to represent him in said claim, instituted or caused to be instituted, in good faith, any proceeding under the provisions of Title 85 of the Oklahoma Statutes, or has testified or is about to testify in any such proceeding. . .

§ 6. Penalty

[An employer] who violates any provisions of [section 5] shall be liable for reasonable damages suffered by an employee as a result of the violation. An employee discharged in violation of this act shall be entitled to be reinstated to his former position. The burden of proof shall be upon the employee.

seeks a compensation award for his injury rather than actions such as the instant case. Defendant also asserts that the *Fernandez* decision was erroneous.

28 U.S.C. § 1445 provides in part as follows:

§ 1445. Nonremovable actions

(a) . . .

(b) . . .

(c) A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States."

Therefore, the only issue for the Court's determination is whether an action based on 85 Okl.Stat.1976 Supp. §§ 5 and 6 is an action "arising under the workmen's compensation laws" of Oklahoma within the meaning of the above statute.

The title to the enactment which appears in the Oklahoma statutes as 85 Okl.Stat. 1976 Supp. §§ 5–7 reads:

"An Act relating to workmen's compensation; prohibiting discrimination against employee participating in workmen's compensation proceeding; providing remedy for violation; and establishing jurisdiction." Ch. 217, 1976 Okl.Sess.Laws 337.

The court in *Fernandez* was faced with a similar statute and found that the language of § 1445(c) "does not purport to preclude removal of only those actions arising under workmen's compensation laws which seek to recover for a job-related injury." Such a construction of § 1445(c) is consistent with the rule that removal statutes should be strictly construed and all doubts should be resolved in favor of remand. *Fountain Park Cooperative, Inc. v. Bank of America National Trust and Savings Association*, 289 F.Supp. 150 (C.D.Cal.1968).

As the issues presently before the Court were raised by Plaintiff on a Motion for Remand, the burden of proof is on Defendant, the party who removed this case, to show that this action was properly removed. *P.P. Farmers' Elevator Co. v. Farmers Elevator Mutual Insurance Co.*, 395 F.2d 546 (7 Cir. 1968); *Williams v. Tri-County Commu-*

*nity Center*, 323 F.Supp. 286 (S.D.Miss. 1971), *aff'd*, 452 F.2d 221 (5 Cir. 1971); *Heymann v. Louisiana*, 269 F.Supp. 36 (E.D. La.1967). Where there is any substantial doubt concerning jurisdiction of the federal court on removal, the case should be remanded and jurisdiction should be retained only where it is clear. *Shamrock Oil & Gas Co. v. Sheets*, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); *Morrison v. Jack Richards Aircraft Co.*, 328 F.Supp. 580 (W.D. Okl.1971); *Williams v. Tri-County Community Center, supra; see Jerro v. Home Lines, Inc.*, 377 F.Supp. 670 (S.D.N.Y.1974).

In the instant case, the Court is not persuaded that this action does not arise under the workmen's compensation laws of Oklahoma. Therefore, the Court finds and concludes that 85 Okl.Stat.1976 Supp. §§ 5–7 must be considered part of the workmen's compensation laws of Oklahoma for the purpose of removability set forth in 28 U.S.C. § 1445(c). Accordingly, Plaintiff's Motion for Remand should be granted.

It is so ordered this 6th day of July, 1977.