**Edgar SOLE, Plaintiff,**

v.

**THOROFARE MARKETS, INC., et al., Defendants.**

**Civ. A. No. 82–0034–C(K).**

United States District Court, N.D. West Virginia, Clarksburg Division.

Oct. 4, 1983.

---

Gregory T. Hinton, Fairmont, W.Va., for plaintiff.

John P. Stimmel, McDermott & Boneberger, Wheeling, W.Va., for Thorofare.

Daniel W. Dickinson, Jr., Daniel W. Cooper, Dickinson & Robinson, Wheeling, W.Va., Cooper, Lepore & Dreeland, Pittsburgh, Pa., for defendants.

## MEMORANDUM OPINION AND ORDER

KIDD, District Judge.

This action is now before the Court upon the motion of the Company and the Local Union to dismiss, or in the alternative, for summary judgment.[1]

Removal jurisdiction is based upon Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a), and in his complaint the plaintiff, Sole, says that he is entitled to relief because the Company wrongfully terminated his employment and the Union failed to fairly represent his interests in the grievance procedure subsequent to his discharge.

The motions for summary disposition are based upon the statute of limitations and the case of *DelCostello v. International Brotherhood of Teamsters, et al,* —— U.S. ——, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983).

Sole was an employee of Thorofare Markets until July 28, 1981. On August 28, 1981 the plaintiff was fired, effective July 28, for "flagrant insubordination"; Sole failed to comply with a superior's order to wear a shirt and tie while at work.

On August 3, 1981 Sole filed a grievance. A month later, on September 3, the Local Union informed Sole that they had determined not to submit the complaint to arbitration.

The plaintiff filed his complaint in state court on April 5, 1982, and the action was removed to this Court on April 30, 1982.

In its answer the Local asserts the Statute of Limitations as a defense to suit; no such affirmative defense was raised in the answer of the Company.[2]

1. Several named individual members of the Local Union were dismissed as party defendants pursuant to order entered by this Court on July 6, 1982.

2. Since the case of *DelCostello, supra,* was decided after the pleadings were complete and the Company seasonably raised the limitations issue upon learning of *DelCostello,* the Court is of the opinion that raising the issue by a mo-

Based upon the holding in *DelCostello,* both defendants insist that this civil action must have been brought within six months of Sole's discharge to withstand dismissal. Again, the firing occurred on July 28, 1981 and the suit was brought on April 5, 1982— more than eight months after the alleged wrong.

In *DelCostello, supra,* the United States Supreme Court adopted the limitation period for discharge/unfair representation cases as set forth in 29 U.S.C. § 160(b). A *proviso* in this subsection reads, in part:

\* \* \* \* \* \*

... That no complaint shall issue based upon any unfair labor practice occurring more than six months prior to the filing of the charge with the Board and the service of a copy thereof upon the person against whom such charge is made, unless the person aggrieved thereby was prevented from filing such charge by reason of service in the armed forces, in which event the six-month period shall be computed from the day of his discharge.

\* \* \* \* \* \*

Prior to the *DelCostello* decision, most courts followed *U.P.S., Inc. v. Mitchell,* 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981), which directed that the nearest state limitation period be applied in wrongful discharge cases. *DelCostello* resulted in a uniform statute of limitations for actions such as this.

The plaintiff here does not argue that *DelCostello* does not apply to a case such as his, but he does submit that the *DelCostello* decision should not be applied retroactively.

■ Whether a law is to be given retroactive effect is determined by analysis under the following three part test:

"First, the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past

precedent on which litigants may have relied, *(citation omitted),* or by deciding an issue of first impression whose resolution was not clearly foreshadowed *(citation omitted).* Second, it has been stressed that 'we must ... weigh the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation.', *(citation omitted).* Finally, we have weighed the inequity imposed by retroactive application for '[w]here a decision of this Court could produce substantial inequitable results if applied retroactively, there is ample basis in our cases for avoiding the "injustice or hardship" by a holding of nonretroactivity.'" *(citation omitted).*

*Chevron Oil Co. v. Huson,* 404 U.S. 97, 106, 92 S.Ct. 349, 355, 30 L.Ed.2d 296 (1971).

■ First, has a new principle of law been announced by the holding in *DelCostello?* Clearly, past precedent has been disturbed [3] and litigants such as Sole have surely relied upon state law in determining when they must have commenced their suit. *Cf., Jamison v. Olga Coal Company,* 335 F.Supp. 454 (D.C.W.Va.1971) (two year limitation period under § 55–2–12 W.Va.Code applied).

. Next, the Court is concerned with the effect which retroactive application of the holding in *DelCostello* would have upon suits such as this. What purpose was intended by establishing a six month limitation period? The Supreme Court in *DelCostello* recognizes that:

"In some circumstances, however, state statute of limitations can be unsatisfactory vehicles for the enforcement of federal law." *Id.* —— U.S. at ——, 103 S.Ct. at 2289.

tion for summary judgment is proper since the pleadings and *DelCostello* together would give notice of the possible defense.

**3.** *Auto Workers v. Hoosier Cardinal Corp.,* 383 U.S. 696, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966), recognizing the general principle that cases

brought under § 301 of the Labor Management Relations Act are known to be subject to the state's most closely analogous limitations period. *See also, United Parcel Service, Inc. v. Mitchell,* 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981).

The Court mentioned that state lawmakers do not devise timeliness rules with national interests in mind. Additionally, the *Del-Costello* court was concerned with providing an aggrieved employee sufficient time—"a satisfactory opportunity"—to exercise his rights under the Labor Management Relations Act. *Id.* at ——, 103 S.Ct. at 2291. The court was concerned with giving an employee sufficient time to evaluate the Union's conduct toward him, investigate matters not raised during the grievance procedure, retain counsel and frame his complaint.[4] On the other hand, the Supreme Court believed that a more lengthy limitation period "... would preclude the relatively rapid final resolution of labor disputes favored by federal law ...". *Id.* —— U.S. at ——, 103 S.Ct. at 2292. After balancing these interests the court adopted the six month limitation period which would accommodate the various interests. Thus, the limitations rule in the *DelCostello* case was designed to protect the employee by allowing vindication of wrongs in a relatively short period of time.

Finally, in this regard, § 301 is construed, virtually without exception, in a broad manner and among its purposes is the protection of the worker from unfairness by his union.

In sum, to apply the six month rule retroactively would certainly not further the purposes of the *DelCostello* Rule nor would such application be consistent with the aims of the Labor Management Relations Act itself.

The final criteria for consideration under the *Huson, supra* decision is perhaps the most important—the equity or inequity of retroactive application. Any person anticipating a § 301 suit in this jurisdiction, as well as most other jurisdictions, would certainly rely upon the state limitation period in similar actions for determining when the action should be brought. Discharge from employment has often been characterized as the "capital punishment of industry." Thus, extremely vital interests are involved

here and retroactive application of the six month limitation period could work great hardship upon workmen who have relied upon longer state limitation periods when determining when to bring their action. "Substantial inequitable results" would surely occur if *DelCostello* is applied retroactively in cases such as this.

Courts confronting the rule of *Mitchell, supra,* have declined to give it retroactive effect. *See, e.g., Singer v. Flying Tiger Line Inc.,* 652 F.2d 1349 (9th Cir.1981). The *Singer* ruling was based primarily upon the third prong of the *Huson* test, noting reasonable reliance upon precedent, inequity in allowing retroactive application, and the inability to anticipate the *Mitchell* rule. *See also, Pitts v. Frito-Lay, Inc.,* 700 F.2d 330 (6th Cir.1983) (requiring prospective effect be given to Sixth Circuit holding on limitation period for § 301 suits under *Huson* analysis).

The Court is of the opinion that the only way injustice can be avoided in this and similar matters is to hold that *DelCostello* is to be applied prospectively.

It is, therefore, ORDERED that the defendants' motions to dismiss based upon the Statute of Limitations be, and hereby are, DENIED.

---

4. The Court was primarily concerned with the state imposed ten day to 90 day limitation peri-

ods which are often applicable in cases of this nature.