**Timothy L. THOMAS, Plaintiff,**

v.

**The KROGER COMPANY and International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, Local No. 175, Defendants.**

**Civ. A. No. 83–2100.**

United States District Court, S.D. West Virginia, Charleston Division.

April 6, 1984.

---

Charles R. Garten, Charleston, W. Va., for plaintiff.

Joseph Beeson, Robinson & McElwee, Stanley M. Hostler, James F. Wallington, Charleston, W. Va., for defendants.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

### I. *Procedural History*

The Plaintiff filed this action against The Kroger Company in the Circuit Court of Kanawha County, West Virginia, on January 3, 1983. Plaintiff's complaint alleged he was terminated from employment by Kroger in retaliation for his application for and receipt of Workmen's Compensation benefits. Plaintiff further complained that his termination was in violation of his statutory and contractual rights and that Kro-

ger's action was violative of public policy.[1] The Plaintiff alleged that he injured his back on November 21, 1980, while employed by Kroger at its Charleston, West Virginia, warehouse. The next day, Plaintiff was called at home by his supervisor and was asked to report back to work. Plaintiff informed his supervisor of his injury incurred the previous day and told him he had not yet been released to return to work. By letter dated January 2, 1981, Kroger's warehouse manager notified Plaintiff that Kroger had acknowledged his "voluntary quit" as evidenced by Plaintiff's failure to return to work despite the fact that he was released to do so by his treating physician.[2]

By petition filed January 31, 1983, Kroger removed this action to this Court pursuant to 28 U.S.C. §§ 1332 and 1441.[3] Subsequent to removal to this Court, the Plaintiff was granted leave to file an amended complaint naming Plaintiff's union, the International Brotherhood of Teamsters, Chauffers, Warehousemen and Helpers of America, Local Union No. 175 (hereinafter referred to as Union) as a Defendant. The Plaintiff filed an amended complaint on January 17, 1984, against Kroger, the Union and three of the Union's officers. Plaintiff's amended complaint contained the same allegations as the original and included an additional cause of action against the Union for failing to assist Plaintiff in pursuing his remedies under the collective bargaining agreement between Kroger and the Union. This action is now before the Court on the Union's motion to dismiss.

### II. *Nature of Plaintiff's Action*

While Plaintiff has chosen not to label his cause of action as such, it is apparent from Plaintiff's Amended Com-

---

1. *See* Complaint at ¶¶ 9 and 10.

2. The letter of January 2, 1981, attached to Plaintiff's complaint as Exhibit 1, stated in its entirety as follows:

   "Please be advised that Kroger Co. acknowledges your voluntary quit as evidenced by the fact that you were released by Dr. P. Har-

baugh to return to work on 11–24–80 and have not made yourself available."
The letter was signed by Peter Hager, Kroger's warehouse manager.

3. Kroger is an Ohio corporation with its principal place of business in Cincinnati, Ohio; Plaintiff is a West Virginia resident.

plaint that, in addition to his retaliatory discharge claim against Kroger, he is seeking enforcement of the collective bargaining agreement between Kroger and the Union.[4] Plaintiff's action, therefore, is properly characterized as a Section 301/Fair Representation suit. *See* 29 U.S.C. § 185; *Hines v. Anchor Motor Freight,* 424 U.S. 554, 96 S.Ct. 1048, 47 L.Ed.2d 231 (1976); *Vaca v. Sipes,* 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). The Plaintiff's failure to mention Section 301 in the Amended Complaint cannot convert his action from one arising under the federal labor laws to one arising from state tort law. The court in *Fristoe v. Reynolds Metals Co.,* 615 F.2d 1209 (9th Cir.1980) had occasion to speak to this issue when it was confronted by a complaint which alleged, in substance but not in form, a Section 301 cause of action. The court stated:

"Mere omission of reference to LMRA § 301 in the complaint does not preclude federal subject matter jurisdiction. The court's recharacterization of Fristoe's complaint as one arising under § 301 is required by federal preemption doctrines.

When principles of federal labor law are involved, they supersede state contract law or other state law theories. *Republic Steel Corporation v. Maddox,* 379 U.S. 650, 657, 85 S.Ct. 614, 618, 13 L.Ed.2d 580 (1965); *Local 174, Teamsters, Chauffeurs, Warehousemen & Helpers of America v. Lucas Flour Co.,* 369 U.S. 95, 102–03, 82 S.Ct. 571, 576, 7 L.Ed.2d 593 (1962); *Johnson v. England,* 356 F.2d 44, 48 (9th Cir.) *cert. denied* 384

U.S. 961, 86 S.Ct. 1587, 16 L.Ed.2d 673 (1966); *accord Sheeran v. General Electric Co.,* 593 F.2d 93, 96–97 (9th Cir. 1979)."

615 F.2d at 1212. To the same effect is the Sixth Circuit's ruling in *Avco Corp. v. Aero Lodge No. 735, International Association of Machinists and Aerospace Workers,* 376 F.2d 337, 340 (6th Cir.1967) *affirmed* 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968):

"[A]ll rights and claims arising from a collective bargaining agreement in an industry affecting interstate commerce arise under Federal law. State law does not exist as an independent source of private rights to enforce collective bargaining contracts. While State courts may have concurrent jurisdiction, they are bound to apply Federal law. *Charles Dowd Box Co. v. Courtney,* 368 U.S. 502, 82 S.Ct. 519, 7 L.Ed.2d 483 (1962). The force of Federal preemption in this area of labor law cannot be avoided by failing to mention Section 301 in the complaint."

*See also Brown v. United Parcel Service,* 560 F.Supp. 146, 148 (E.D.Va.1982) (construing plaintiff's complaint, which was silent as to Section 301, as one arising under federal labor laws); *cf. Morris v. Owens-Illinois, Inc.,* 544 F.Supp. 752, 756 (S.D.W. Va.1982) (interpreting a complaint, which was silent as to Section 301, as alleging a state tort action exclusively).

Looking beyond the language chosen by Plaintiff to plead his action and focusing

---

**4.** Paragraphs 11, 12, 16 and 17 of the Amended Complaint reveal Plaintiff's action is grounded in enforcement of the collective bargaining agreement:

"11. Subsequent to receiving [the January 2, 1981, letter informing him of his termination] the plaintiff *contacted a representative* of Teamsters' Local No. 175 and sought assistance in pursuing his remedies pursuant to the terms and conditions of the collective bargaining agreement which existed between The Kroger Company and Teamster Locan [sic] No. 175. The Union refused to assist the plaintiff in pursuing any remedies and failed to provide any representation on his behalf.

12. The defendant corporation has by its termination of the plaintiff's employment violated his statutory, contractual or other legal rights.

16. The Union operating by and through its officers, agents and trustees has failed to meet its duty of fair representation of plaintiff in this matter by refusing to assist the plaintiff in pursuing *his remedies, claims and* rights against the defendant corporation when requested to do so by the plaintiff.

17. The defendant Union by and through its officers, agents and employees has arbitrarly [sic] and capriciously rejected the plaintiff's request that the termination of the plaintiff by the defendant corporation be handled through the grievance process by the local union."

instead on the substantive allegations of the Amended Complaint, the Court concludes, as noted above, that Plaintiff's action is properly characterized as one seeking relief under two separate theories: (1) a Section 301/Fair Representation claim against Kroger and the Union for the former's termination of Plaintiff in violation of the collective bargaining agreement and the latter's breach of its duty of fair representation by failing to process in good faith Plaintiff's grievance challenging his termination; and (2) a state tort action for retaliatory discharge. The Court will now address the status of these two theories of recovery.

### A. Section 301/Fair Representation.

■ The United States Supreme Court has recently spoken to what statute of limitations is applicable to Section 301/Fair Representation suits. In *Del Costello v. International Brotherhood of Teamsters,* — U.S. —, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), the Court held that the six-month statute of limitations provided in Section 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b), is the appropriate statute of limitations period in Section 301/Fair Representation suits against employers and unions. 103 S.Ct. at 2285. Inasmuch as Plaintiff filed this action nearly two years after his discharge from employment,[5] this action is barred by the six-month statute of limitations held applicable in *Del Costello.* Although this action was pending at the time the Supreme Court rendered its opinion in *Del Costello,* it is nevertheless controlled by that decision in-

asmuch as the Fourth Circuit has ruled that *Del Costello* is to be applied retroactively. See *Murray v. Branch Motor Express Co.,* 723 F.2d 1146 (4th Cir.1983).[6] Accordingly, the Court finds and concludes that Plaintiff's Section 301/Fair Representation claim against Kroger and the Union is untimely and ORDERS that it be dismissed with prejudice.

### B. Retaliatory Discharge.

■ Plaintiff has alleged a valid cause of action for retaliatory discharge. *W. Va. Code,* § 23–5A–1 provides:

"No employer shall discriminate in any manner against any of his present or former employees because of such present or former employee's receipt of or attempt to receive benefits under this chapter."

The West Virginia Supreme Court has recognized that § 23–5A–1 "confers a substantive right upon employees who may be discriminated against" for pursuing their remedies under the workmen's compensation laws. See *Shanholtz v. Monongahela Power Company,* 270 S.E.2d 178, 183 (W.Va.1980). See also *Harless v. First National Bank in Fairmont,* 246 S.E.2d 270 (W.Va.1978) (Harless I) and *Harless v. First National Bank in Fairmont,* 289 S.E.2d 692 (W.Va.1982) (Harless II) (recognizing an employee's cause of action for wrongful discharge where the employer's motivation for termination contravenes public policy). Unlike Plaintiff's labor law-based claims,[7] Plaintiff's action for retalia-

---

5. *See, supra,* at p. 1.

6. *Cf. Sole v. Thorofare Markets, Inc.,* 571 F.Supp. 1233 (N.D.W.Va.1983) (applying *Del Costello* prospectively).

7. It is necessary to initially note that Plaintiff's state tort action for retaliatory discharge is not barred by the federal preemption doctrine established in *San Diego Building Trades Council v. Garmon,* 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775 (1959). The *Garmon* doctrine was established to prevent the "conflict of two law-enforcing authorities, with the disharmonies inherent in two systems, one federal the other state, of inconsistent standards of substantive law and

remedial schemes" that would result if state laws were allowed to interfere with the comprehensive federal labor law scheme. 359 U.S. at 242, 79 S.Ct. at 778. See also *Farmer v. United Brotherhood of Carpenters,* 430 U.S. 290, 296, 97 S.Ct. 1056, 1061, 51 L.Ed.2d 338 (1977); *United Credit Bureau of America, Inc. v. N.L.R.B.,* 643 F.2d 1017, 1025–26 (4th Cir.1981) *cert. denied* 454 U.S. 994, 102 S.Ct. 539, 70 L.Ed.2d 404 (1981). The Tenth Circuit has held in *Peabody Galion v. Dollar,* 666 F.2d 1309 (10th Cir.1981) that an employee's state tort action brought pursuant to a state law prohibiting discrimination against employees because they pursued their workmen's compensation remedies is not preempted by the National Labor Relations Act

tory discharge is timely inasmuch as it was filed within the two-year statute of limitations found applicable in *Shanholtz. See W.Va.Code*, § 55–2–12(b); *Shanholtz v. Monongahela Power Company*, 270 S.E.2d at 182. There is, however, another procedural infirmity which prevents the Court from continuing to exercise jurisdiction over Plaintiff's retaliatory discharge claim.

◼ As noted above, this action was originally filed by Plaintiff in the Circuit Court of Kanawha County and was removed to this Court upon Kroger's petition filed pursuant to 28 U.S.C. § 1441. After having carefully reviewed Kroger's petition, the Court has determined, *sua sponte*,[8] that Plaintiff's retaliatory discharge claim cannot be brought before the Court by a Section 1441 removal petition because Section 1445(c) specifically prohibits the removal to federal court of actions arising under state workmen's compensation laws: "A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." 28 U.S.C. § 1445(c).

◼ The question before the Court, then, is whether Plaintiff's claim for retaliatory discharge should be considered as an action arising under the West Virginia workmen's compensation laws. This precise issue, save for the substitution of Texas' equivalent statute for *W.Va.Code*, § 23–5A–1,

was confronted by the court in *Fernandez v. Reynolds Metals Co.*, 384 F.Supp. 1281 (S.D.Tex.1974). While recognizing the fact that merely because a "statute has been codified as part of the Workmen's Compensation Act does not make any claim filed under it a traditional workmen's compensation action", the court concluded that actions brought under Texas' statute prohibiting retaliatory discharge were actions "arising under the workmen's compensation laws" and were barred from removal to federal court by Section 1445(c). 384 F.Supp. at 1283. In so deciding, the court relied upon the legislative history to Section 1445(c) which it interpreted as evincing "a congressional desire to restrict access to federal courts by way of diversity jurisdiction, and the belief that once a workmen's compensation case reached state court, it should remain there through disposition." [citations omitted]. 384 F.Supp. at 1283.[9]

The issue at bar was also presented to the Court in *Kemp v. Dayton Tire and Rubber Co.*, 435 F.Supp. 1062, 1063 (W.D. Okl.1977). *Kemp* involved the removability of an action arising under an Oklahoma statute (substantively identical to *W.Va. Code*, § 23–5A–1 and the Texas statute considered in *Fernandez*) prohibiting discrimination against an employee for participating in a workmen's compensation proceeding. The court concluded the Oklahoma statute was one "arising under the

because such a tort action has no potential for interfering with the federal labor laws:

> "The conduct at issue in this case—discharge of workers because they pursued workers' compensation claims—is not subject to either protection or prohibition by the National Labor Relations Act because it has nothing whatsoever to do with union organization or collective bargaining. *See* 29 U.S.C. §§ 157–58. Likewise the underlying activity that provoked the conduct complained of—that is, the filing of workmen's compensation claims under state law—has no tendency to conflict with the National Labor Relations Act or any federal labor law."

666 F.2d at 1316.

Inasmuch as the statute under consideration here is substantively identical to the statute reviewed in *Peabody Galion*, the Court is of the opinion that the Tenth Circuit's analysis in that case is equally applicable here; the Court can

perceive no potential interference with the area of labor-management relations exclusively governed by the NLRA arising as a result of Plaintiff's continued prosecution of his retaliatory discharge action.

**8.** 28 U.S.C. § 1446(c)(4) requires the district court to which an action is removed to examine the petition for removal to determine whether removal to federal court is appropriate. Because this duty to conduct an independent review of the § 1441 removal petition is an affirmative one required of the Court, the Court has deemed it appropriate to address this issue, although it has not been raised by the parties.

**9.** The Supreme Court has also divined a clear legislative intent to restrict the federal court's diversity jurisdiction. *See Horton v. Liberty Mutual Ins. Co.*, 367 U.S. 348, 350–51, 81 S.Ct. 1570, 1571–72, 6 L.Ed.2d 890 (1961).

workmen's compensation laws" and that an action based upon it could not be removed to federal court. 435 F.Supp. at 1063.

██ Finding its rule of decision in the *Fernandez* and *Kemp* cases, this Court concludes that *W.Va.Code,* § 23–5A–1 is a law arising under the workmen's compensation laws of West Virginia and Plaintiff's instant action, founded upon this statute and the West Virginia Supreme Court's opinion in *Shanholtz* [10], is barred from removal to federal court by 28 U.S.C. § 1445(c). In reaching this conclusion the Court is persuaded not only by the fact that § 23–5A–1 is codified as part of the West Virginia Workmen's Compensation laws (collected at Chapter 23 of the W.Va. Code) but also by the fact that it is an integral, even essential, component of the legislatively created workmen's compensation scheme. The elaborate workmen's compensation plan established by the legislature would be nullified if workers refrained from filing claims for benefits or otherwise refused to participate in workmen's compensation proceedings, for fear that they would be terminated because of their actions.[11] The protection afforded workers pursuant to the provisions of § 23–5A–1, then, demarcates it as an important part of West Virginia's workmen's compensation laws. Any civil action brought by an employee to seek redress for an employer's alleged violation of this statute is an equally important aspect of the legislative scheme since a private action brought by an aggrieved employee is the only method to enforce the prohibition against retaliatory conduct set forth in

§ 23–5A–1. Therefore, a worker's private action, such as Plaintiff's, must be considered as an action "arising under the workmen's compensation laws" of West Virginia.

██ The Court also finds support for its conclusion that Plaintiff's tort action cannot be removed to federal court in the well-settled rule of statutory construction that "the removal statutes are to be strictly construed against removal." *See Morris v. Marshall County Board of Education,* 560 F.Supp. 43, 44 (N.D.W.Va.1983) *quoting Continental Resources and Mining Corp. v. Continental Insurance Co.,* 546 F.Supp. 850, 852 (S.D.W.Va.1982). *See also Shamrock Oil Corp. v. Sheets,* 313 U.S. 100, 107, 61 S.Ct. 868, 871, 85 L.Ed. 1214 (1941). Further, in close cases "any doubt should be resolved in favor of remand to spare the parties proceedings which might later be nullified should jurisdiction be found to be lacking." [citations omitted] *Rosack v. Volvo of America Corp.,* 421 F.Supp. 933, 937 (N.D.Cal.1976). Therefore, the Court will remand to the Circuit Court of Kanawha County Plaintiff's state tort cause of action for retaliatory discharge.

### III.  *Conclusion*

For the reasons discussed above, the Court finds and concludes that Plaintiff's Section 301/Fair Representation action against Kroger and the Union is untimely and ORDERS that it be dismissed with prejudice. It is further ORDERED that inasmuch as this Court has no removal

---

**10.** It is important to note that it is the statute itself which *creates* Plaintiff's cause of action for retaliatory discharge. The West Virginia Supreme Court's opinion in *Shanholtz* merely *recognizes* the cause of action created by the statute. *See Mutafis v. Erie Insurance Exchange,* 561 F.Supp. 192, 204 (N.D.W.Va.1983). The origin of the instant Plaintiff's cause of action stands in contrast to an injured employee's cause of action for an injury received as a result of an employer's intentional or willful, wanton and reckless misconduct under *W.Va.Code,* § 23–4–2 and *Mandolidis v. Elkins Industries, Inc.,* 246 S.E.2d 907 (W.Va.1978). *W.Va.Code,* § 23–4–2 and *Mandolidis* do not *create* a cause

of action for an injured employee, but rather *preserves* an employee's common law right of action. This distinction is discussed in *Parsons v. Shoney's, Inc.,* 580 F.Supp. 129 (S.D.W.Va. 1983).

**11.** In this regard, the Court agrees with Judge Cox's observation in *Fernandez* that a statute "which offers protection for those who wish to pursue claims under the state's workmen's compensation laws, must be considered part of those laws for the purpose of removability set forth in 28 U.S.C., § 1445(c)." 384 F.Supp. at 1283.

jurisdiction over Plaintiff's retaliatory discharge action against Kroger, Plaintiff's state tort action is hereby remanded to the Circuit Court of Kanawha County, West Virginia. It is further ORDERED that this action be dismissed from the docket of this Court.