**Dorce HOUSTON, Plaintiff,**

v.

**NEWARK BOXBOARD COMPANY, a foreign corporation, d/b/a Wisconsin Paperboard Corp., Liberty Mutual Insurance Co., a foreign corporation, and Eaton Corporation/Cutler Hammer, a foreign corporation, Defendants.**

No. 84–C–987.

United States District Court,
E.D. Wisconsin.

Oct. 22, 1984.

Padway & Padway by M. Nicol Padway, Milwaukee, Wis., for plaintiff.

Kasdorf, Dall, Lewis & Swietlik by Joseph J. Ferris, Milwaukee, Wis., for Liberty Mut.

Quarles & Brady by Frank J. Daily, Michael J. Gonring, Milwaukee, Wis., and Timothy Atkin, for Eaton/Cutler Hammer.

DECISION and ORDER

MYRON L. GORDON, Senior District Judge.

The plaintiff originally brought this four-count tort action in state court on June 27, 1984, seeking damages for injuries sustained in an industrial accident. On July 26, 1984, one of the defendants, Eaton Corporation, removed the action to federal court pursuant to 28 U.S.C. § 1441. The plaintiff and the remaining defendants, Newark Boxboard Corporation and Liberty Mutual Insurance Company, now move to remand the action to the state court. The motion will be denied.

■ Section 1441 provides for removal of any action brought in state court of which the federal courts have original jurisdiction. Defendant Eaton stated in its removal petition that the action is between citizens of different states and involves a claim for more than $10,000 and is, therefore, within the original diversity jurisdiction of the federal courts pursuant to 28 U.S.C. § 1332. Generally, removal requires the agreement of all defendants. *Chicago Rock Island v. Martin,* 178 U.S. 245, 248, 20 S.Ct. 854, 855, 44 L.Ed. 1055 (1900). Removal does not, however, require the consent of nominal defendants. *Ryan v. State Board of Elections,* 661 F.2d 1130 (7th Cir.1981).

■ My reading of the complaint persuades me that the two defendants seeking remand, Liberty Mutual and Newark Boxboard, are nominal parties. Count one alleges that Eaton negligently manufactured a laminating machine which injured the plaintiff. Count two alleges that Eaton manufactured the machine in violation of state and federal codes. Count three alleges that Eaton manufactured, sold, and installed "an unreasonably dangerous and defective product." It is thus apparent that the gravamen of the complaint is a tort claim against Eaton.

Count four of the complaint purports to be an "independent action" against Newark Boxboard "for the purpose of obtaining access to documents, material and things and entrance upon the land of said defendant for the purpose of prosecuting this case...."

Regarding Liberty Mutual, the complaint states only that it provided workmen's compensation insurance to Newark Boxboard. Since the plaintiff neither alleges a cause of action against nor seeks relief from Liberty Mutual, that defendant must be considered nominal. Newark Boxboard is also a nominal defendant because no cause of action is alleged against it. The complaint demonstrates that the plaintiff's sole purpose in naming it as a defendant was to obtain discovery. I venture no opinion at this time regarding the propriety of the plaintiff's technique, except to note that, other than the entrance onto land, all discovery desired by the plaintiff would appear to be available to the plaintiff without naming Newark Boxboard as a defendant. Rule 34, Federal Rules of Civil Procedure; Wis.Stats. § 804.05.

■ The movants contend that the action must be remanded because it was non-removable under 28 U.S.C. § 1445(c), which provides that a "civil action in any State court arising under the workmen's compensation laws of such State may not be re-

moved to any district court of the United States." Specifically, the movants argue that the plaintiff's action arises under Wis. Stats. § 102.29. Section 102.29 provides that an employee who claims workmen's compensation from his employer or an insurer retains the right to bring a tort action against third parties. The same right is accorded to employers and insurers who have paid compensation. Section 102.29 also requires those entitled to bring such an action to furnish each other with notice and provides for joint litigation and the allocation of proceeds.

While § 102.29 may regulate the prosecution of the plaintiff's claims, those claims do not "arise under" the state workmen's compensation laws, but rather under the common law of tort. The proper construction of "arising under" for purposes of 28 U.S.C. § 1445(c) is indicated by the Supreme Court's interpretation of 28 U.S.C. § 1441, where the same words occur: "The right or immunity must be such that it will be supported if the Constitution or laws of the United States are given one construction or effect, and defeated if they receive another." *Gully v. First National Bank*, 299 U.S. 109, 112, 57 S.Ct. 96, 97, 81 L.Ed. 70 (1936). In the case at bar, construction of the state workmen's compensation laws will play no role in determining whether the plaintiff will prevail.

In another formulation of the "arising under" concept, Justice Holmes has stated that a "suit arises under the law that creates the cause of action." *American Well Works v. Layne*, 241 U.S. 257, 36 S.Ct. 585, 60 L.Ed. 987 (1916). The plaintiff's three causes of action were created by the law of tort. The complaint makes no mention of Wis.Stats. § 102.29 or any other workmen's compensation statute. I make no ruling with regard to the applicability of Wis.Stats. § 102.29 in this action; rather, I hold that the requirements of 28 U.S.C. § 1441 were met and that this action was properly removed to federal court.

Therefore, IT IS ORDERED that the motion to remand be and hereby is denied.