Vernon Glen **KNOX** and Lisa Leigh Knox, Plaintiffs,

v.

**LACLEDE STEEL COMPANY,** Defendant.

Civ. A. No. 94–0004–W(S).

United States District Court, N.D. West Virginia.

Aug. 11, 1994.

---

**520**

Linda Rae Artimez, John E. Artimez, Jr., Moundsville, WV, for plaintiffs.

Patrick S. Casey, Wheeling, WV, for defendant.

### MEMORANDUM OPINION AND ORDER GRANTING MOTION TO REMAND

STAMP, Chief Judge.

#### I. Background

On December 17, 1993, plaintiffs Vernon Glen Knox and Lisa Leigh Knox ("plaintiffs") filed this civil action against defendant Laclede Steel Company ("Laclede") in the Circuit Court of Marshall County, West Virginia. On January 28, 1994, Laclede filed a notice of removal to the Northern District of West Virginia based on diversity jurisdiction. On February 28, 1994, plaintiffs filed a Motion to Remand. On March 15, 1994, Laclede filed a memorandum in opposition to plaintiffs' motion to remand. On March 25, 1994, plaintiffs filed a reply memorandum in support of their motion to remand. For the reasons set forth below, this Court finds that the motion to remand should be granted.

#### II. Statement of Facts

Plaintiff Vernon Glen Knox, a Laclede employee, was allegedly injured while operating an overhead coil crane at the Laclede facility in Benwood, West Virginia. Knox submitted a workers' compensation claim and later filed this civil action asserting a deliberate intention claim, or what has become known as a *Mandolidis* claim [1] in West Virginia against his employer pursuant to W.Va.Code § 23–4–2.[2]

(A) That a specific unsafe working condition existed in the workplace which presented a high degree of risk and a strong probability of serious injury or death;

(B) That the employer had a subjective realization and an appreciation of the existence of such specific unsafe working condition and of the high degree of risk and the strong probability of serious injury or death presented by such specific unsafe working condition;

(C) That such specific unsafe working condition was a violation of a state or federal safety statute, rule or regulation, whether cited or not, or of a commonly accepted and well-known safety standard within the industry or business of such employer, which statute, rule, regulation or standard was specifically applicable to the particular work and working condition involved, as contrasted with a statute, rule, regulation or standard generally requiring safe workplaces, equipment or working conditions;

(D) That notwithstanding the existence of the facts set forth in subparagraphs (A) through (C) hereof, such employer nevertheless thereafter exposed an employee to such specific unsafe working condition intentionally; and

(E) That such employee so exposed suffered serious injury or death as a direct or proximate result of such specific unsafe working condition.

§ 23–4–2(c)(2).

---

**1.** See *Mandolidis v. Elkins Industries, Inc.*, 161 W.Va. 695, 246 S.E.2d 907 (1978).

**2.** The deliberate intention statute provides that "if injury or death result to any employee from the deliberate intention of his or her employer to produce such injury or death, the employee ... has a cause of action against the employer," as if the workers' compensation laws had not been enacted, for any excess damages over the amount received or receivable from workers' compensation. § 23–4–2(b).

The deliberate intention requirement is satisfied if:

(i) It is proved that such employer or person against whom liability is asserted acted with a consciously, subjectively and deliberately formed intention to produce the specific result of injury or death to an employee. This standard requires a showing of an actual, specific intent and may not be satisfied by allegation or proof of (A) conduct which produces a result that was not specifically intended; (B) conduct which constitutes negligence, no matter how gross or aggravated; or (C) willful, wanton or reckless misconduct; or

(ii) The trier of fact determines, either through specific findings of fact made by the court in a trial without a jury, or through special interrogatories to the jury in a jury trial, that all of the following acts are proven:

### III. Contentions of the Parties

Generally speaking, a defendant may remove any civil action brought in state court over which the federal district court has original jurisdiction. 28 U.S.C. § 1441(a). In this civil action, original federal jurisdiction exists in that the parties are diverse and the amount in controversy, exclusive of interests and costs, exceeds $50,000. Nevertheless, plaintiffs contend that this action must be remanded because it is non-removable under 28 U.S.C. § 1445(c) which provides that "[a] civil action in any State Court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." Specifically, plaintiffs argue that their action pursuant to the West Virginia deliberate intention statute arises under the West Virginia workers' compensation laws.

Laclede opposes remand by arguing that plaintiffs' deliberate intention action is derived from the common law and does not arise under the West Virginia workers' compensation laws for purposes of § 1445(c).

### IV. Applicable Standards

■ The question before this Court, then, is whether plaintiffs' deliberate intention claim should be considered to be an action arising under the West Virginia workers' compensation laws. This specific issue appears to be one of first impression. However, federal law governs the construction of removal statutes and this Court has looked for guidance to the many opinions by other federal courts considering the somewhat similar issue of whether a retaliatory discharge cause of action arises under workers' compensation laws for § 1445(c) purposes. *See Jones v. Roadway Express, Inc.*, 931 F.2d 1086 (5th Cir.1991).

The legislative history accompanying § 1445(c) evidences "'a congressional desire to restrict access to federal courts by way of diversity jurisdiction, and the belief that once a workmen's compensation case reached state court, it should remain there through disposition.'" *Thomas v. The Kroger Co.*, 583 F.Supp. 1031, 1036 (S.D.W.Va.1984) (quoting *Fernandez v. Reynolds Metals Co.*, 384 F.Supp. 1281, 1283 (S.D.Tex.1974)); *Jones*, 931 F.2d at 1091. In effectuating this congressional policy, federal courts have interpreted § 1445(c) broadly and have held that "in close cases 'any doubt should be resolved in favor of remand to spare the parties proceedings which might later be nullified should jurisdiction be found to be lacking.'" *Thomas*, 583 F.Supp. at 1037 (quoting *Rosack v. Volvo of America Corp.*, 421 F.Supp. 933, 957 (N.D.Cal.1976)).

In applying § 1445(c), virtually all of the federal courts which have addressed this issue have noted that the mere fact that a statute is codified within a state's workers' compensation laws may be persuasive but does not necessarily mean that it "arises under" those laws for purposes of § 1445(c). *See Jones*, 931 F.2d at 1092; *Hummel v. Kamehameha*, 749 F.Supp. 1023, 1027 (D.Haw.1990); *Thomas*, 583 F.Supp. at 1036; *Fernandez v. Reynolds Metals Co.*, 384 F.Supp. 1281 (S.D.Tex.1974). The more important consideration is whether the statute in question is an integral or essential component of a state's workers' compensation scheme. *Thomas*, 583 F.Supp. at 1037. Courts have looked to such factors as whether the workers' compensation laws will play a role in determining whether the plaintiff will prevail, *Houston v. Newark Boxboard Co.*, 597 F.Supp. 989, 991 (E.D.Wis.1984), or whether the plaintiff's action is contingent upon establishing a valid workers' compensation claim. *Almanza v. Transcontinental Insurance Co.*, 802 F.Supp. 1474, 1479 (N.D.Tex.1992).

For example, in *Thomas v. The Kroger Co.*, 583 F.Supp. 1031 (S.D.W.Va.1984), the Court held that a suit brought under the West Virginia statute prohibiting retaliatory discharge in anticipation of an employee's filing a claim for workers' compensation benefits arises under the West Virginia workers' compensation laws within the meaning of § 1445(c). In reaching this conclusion, the Court analyzed the relationship between the retaliatory discharge statute and the West Virginia workers' compensation scheme. The Court found that the workers' compensation scheme "would be nullified if workers refrained from filing claims for benefits or otherwise refused to participate in workmen's compensation proceedings, for fear

that they would be terminated because of their action." *Id.* at 1037. Based on this finding, the Court concluded that the protection afforded workers by the retaliatory discharge provisions of the workers' compensation statute distinguishes the retaliatory discharge statute as an integral or essential component of the West Virginia's workers' compensation scheme because these private actions by aggrieved employees are the only method to enforce the prohibition of retaliatory discharge in the Workers' Compensation Act. *Id.*

■ While *Thomas* and the other retaliatory discharge cases are analytically distinct from this deliberate intention action, this Court does not see any reason not to apply the same analysis in interpreting § 1445(c) in the context of a deliberate intention action. Thus, this Court finds it appropriate to begin by considering the background and nature of this type of action in order to determine its relationship with the West Virginia workers' compensation laws. In particular, this Court must determine whether a cause of action under the West Virginia deliberate intention statute is an integral part of the West Virginia workers' compensation scheme or whether it is simply a common law cause of action that is codified within the Workers' Compensation Act.

## V. *Discussion*

■ From the inception of the West Virginia Workers' Compensation Act, it has contained an exception to an employer's immunity from litigation in cases where injury or death resulted to an employee from the deliberate intention of his employer to produce such injury or death which allowed the employee to recover any excess damages over the amount received or receivable under the workers' compensation laws. *Mayles v. Shoney's, Inc.*, 185 W.Va. 88, 405 S.E.2d 15, 18 (1990) (citing W.Va.Code § 23–4–2). In *Mandolidis v. Elkins Industries, Inc.*, 161 W.Va. 695, 246 S.E.2d 907, 910–11 (1978), the West Virginia Supreme Court of Appeals interpreted the deliberate intention portion of § 23–4–2 rather broadly to mean that: "an employer loses immunity from common law actions where such employer's conduct con-

stitutes an intentional tort or willful, wanton, and reckless misconduct." *Mayles*, 405 S.E.2d at 19. As Laclede correctly notes, the West Virginia Supreme Court of Appeals stated repeatedly that the deliberate intention statute did not create a cause of action but rather merely preserved a common law action against employers. *See, e.g., Parsons v. Shoney's, Inc.*, 580 F.Supp. 129, 131 (S.D.W.Va.1983).

In response to the *Mandolidis* ruling, the West Virginia legislature amended § 23–4–2 in 1983 to make it more difficult for an employer to lose the immunity provided under the workers' compensation laws. *Id.* The amended statute was "intended to create a legislative standard for loss of that immunity of more narrow application and containing more specific mandatory elements of the common law tort system concept and standard of wilful, wanton, and reckless misconduct." W.Va.Code § 23–4–2(c)(1). To that end, the amended statute specifically sets out requirements for recovery in a deliberate intention action which are considerably more narrow than the common law elements discussed in *Mandolidis*.

From reviewing this brief history of the deliberate intention cause of action, it is clear that earlier versions of the deliberate intention statute codified a common law cause of action. *See Parsons*, 580 F.Supp. at 131. However, the 1983 amendments to the statute specifically state that it is now of "more narrow application and [contains] more specific mandatory elements than the common law tort system concept and standard." § 23–4–2(c)(1). *See Handley v. Union Carbide Corp.*, 804 F.2d 265 (4th Cir.1986). Thus, it can no longer be said that the deliberate intention statute simply codifies or preserves a common law cause of action.

Furthermore, the deliberate intention statute is codified within the workers' compensation laws and is clearly an integral and essential part of the West Virginia workers' compensation scheme. For instance, the plaintiff in a deliberate intention action is only able to recover "excess damages over the amount received or available" under the workers' compensation scheme. *See* § 23–4–2(b). The plaintiff must pursue a workers' compen-

sation action rather than simply file a civil action based on deliberate intent and forego filing his or her claim under the workers' compensation statute. *Ball v. Joy Mfg. Co.,* 755 F.Supp. 1344, 1358 (S.D.W.Va.1990), *aff'd,* 958 F.2d 36 (4th Cir.1991), *cert. denied* —— U.S. ——, 112 S.Ct. 876, 116 L.Ed.2d 780 (1992). Thus, a deliberate intention action, and the amount of recovery available thereunder, is inexorably linked with a workers' compensation action and the workers' compensation laws will play a role in determining whether the plaintiff will prevail in the deliberate intention action. *See Houston,* 597 F.Supp. at 991; *Almanza,* 802 F.Supp. at 1479.

This Court also finds persuasive language in the deliberate intention statute which provides:

> that the immunity established in [§§ 23–2–6 and 23–2–6a], is an essential aspect of this workers' compensation system; that the intent of the Legislature in providing immunity from common law suit was and is to protect those so immunized from litigation outside the workers' compensation system except as herein expressly provided; [and] that, in enacting the immunity provisions of this chapter, the Legislature intended to create a legislative standard for loss of that immunity of more narrow application and containing more specific mandatory elements than the common law tort system concept and standard of wilful, wanton and reckless misconduct.

§ 23–4–2(c)(1). This statement establishes that the immunity provisions of the workers' compensation statute are an essential aspect of the workers' compensation scheme. This Court finds it logical to conclude that the waiver of immunity provisions in the deliberate intention statute must also be an essential aspect of the workers' compensation system. Perhaps most significantly, this language clarifies that the amended statute deviates from the common law approach and establishes new standards that more accurately reflect the importance of the immunity provisions than the common law approach taken in *Mandolidis.*

## VI. *Conclusion*

A cause of action under the West Virginia deliberate intention statute is certainly rooted in the common law. Nevertheless, the statute is codified within the workers' compensation laws, the current version of the statute intentionally deviates from the common law, and the provisions of the statute are an integral part of the West Virginia workers' compensation scheme. Also, a cause of action pursuant to the deliberate intention statute is contingent upon establishing a valid workers' compensation claim. Therefore, resolving all doubts in favor of remand, this Court finds that the West Virginia deliberate intention statute arises under the West Virginia workers' compensation laws for purposes of § 1445(c). Thus, removal of this action based upon the deliberate intention statute is barred by § 1445(c) and plaintiffs' motion to remand should be and hereby is GRANTED.

Accordingly, this civil action is hereby REMANDED to the Circuit Court of Marshall County and is STRICKEN from the active docket of this Court.

IT IS SO ORDERED.