**Rheda B. VAN CLEAVE, Appellant,**

v.

**McKEE BAKING COMPANY, Appellee.**

Supreme Court of Tennessee,
at Knoxville.

June 2, 1986.

Douglas M. Campbell, Campbell & Campbell, Chattanooga, for appellant.

Gary S. Napolitan, Leitner, Warner, Moffitt, Williams, Dooley, Carpenter & Napolitan, William H. Pickering, Chambliss, Bahner, Crutchfield, Gaston & Irvine, Chattanooga, for appellee.

OPINION

PER CURIAM.

In this worker's compensation action, the chancellor found that Rheda B. Van Cleave

sustained an injury to his back in an on-the-job accident on November 10, 1981. The chancellor further found that the plaintiff sustained no permanent disability from the injury, and that all benefits due the plaintiff for his temporary disability had been paid, except for certain enumerated medical expenses. A judgment then was entered ordering the employer to pay the medical expenses and dismissing plaintiff's claim for permanent disability benefits. Plaintiff insists that the chancellor erred in failing to award permanent disability benefits, and in failing to require the defendant to pay the medical bill submitted by Dr. George Shelton. On reviewing the record, we find material evidence to sustain the chancellor's findings on both issues. Accordingly, we affirm the judgment.

Neither party now questions the fact that plaintiff injured his back in a fall, or near fall, which occurred on November 10, 1981, when plaintiff stepped from a platform into a truck while carrying one end of a frame he had painted in the course of his employment by McKee Baking Company. We see no need to detail the treatment plaintiff underwent for his injury. Suffice it to say that plaintiff was given medical treatment over a period of several weeks, and was hospitalized for examination and a series of tests. Two of the three doctors who testified expressed the opinion that plaintiff did not sustain any permanent disability as the result of the November 10, 1981, accident. They also testified that the symptoms complained of by Mr. Van Cleave were due to diabetic neuropathy, a disease of the central nervous system, and that it was not caused or aggravated by Mr. Van Cleave's industrial accident. They further testified that plaintiff had recovered from his traumatic injury prior to his examination by Dr. Shelton in November, 1983.

■ In reviewing a decision in a worker's compensation action predicated upon an injury that occurred prior to July 1, 1985, this court does not weigh evidence, nor decide the credibility of witnesses. Those are issues for the trial judge. *Liber-*

*ty Mutual Insurance Co. v. Taylor*, 590 S.W.2d 920 (Tenn.1979). The review by this court is limited to the determination of whether there is any material evidence in the record to support the findings of the trial judge. If so, we are bound to accept them. *Kingsport Press, Inc. v. Van Huss*, 547 S.W.2d 572 (Tenn.1977); *Davis v. Gulf Ins. Group*, 546 S.W.2d 583 (Tenn.1977). Under the review allowed this court, the medical testimony referred to is sufficient to support the chancellor's findings on both the issue of disability and the denial of medical expenses incurred by plaintiff after he had recovered from his on-the-job injury.

Appellee has asked that we impose a frivolous appeal penalty upon appellant. On consideration of the motion and the record, we decline to do so.

■ The record also shows that plaintiff amended his worker's compensation action to include a claim for damages for retaliatory discharge. The claim was dismissed by the chancellor on his finding that it was barred by the one year limitation on tort actions. T.C.A. § 28–3–104. Plaintiff has assigned this action as error. A claim for damages for retaliatory discharge is not a part of a worker's compensation claim, but is a separate tort action. Jurisdiction of an appeal in a tort action lies in the Court of Appeals, not this court. See T.C.A. § 16–4–108. Accordingly, the appeal of the dismissal of the claim for damages for retaliatory discharge must be transferred to the Court of Appeals for its consideration and decision.

The judgment of the trial court in the worker's compensation action is affirmed, and the cause is remanded for enforcement of the judgment. The appeal of the claim for damages for retaliatory discharge is transferred to the Court of Appeals. Costs incurred in appealing the action to this court are adjudged against the plaintiff and his surety.

BROCK, C.J., not participating.