Alice Elizabeth SMITH, Plaintiff,

v.

UNION CARBIDE CORPORATION and Martin Marietta Energy Systems, Inc., Defendants.

No. Civ. 3–87–121.

United States District Court, E.D. Tennessee, N.D.

July 13, 1987.

Jerrold L. Becker, Knoxville, Tenn., for plaintiff.

E.H. Rayson, Knoxville, Tenn., for defendants.

## MEMORANDUM

JARVIS, District Judge.

This is a state law wrongful discharge action brought by Alice Elizabeth Smith against her former employers, Union Carbide Corporation (hereinafter "Union Carbide") and Martin Marietta Energy Systems, Inc. (hereinafter "Martin Marietta"), claiming that her employers terminated her in retaliation for her filing a worker's compensation claim. It was removed to this Court from the Circuit Court for Anderson County, Tennessee, on the basis of federal question jurisdiction under 29 U.S.C. § 185 and on the basis of diversity of citizenship, 28 U.S.C. § 1441.

Defendants have moved for summary judgment contending that plaintiff's claim is preempted by federal labor law [Court File # 5]. Plaintiff has moved to remand this action to the Circuit Court for Anderson County based on the provisions of 28 U.S.C. § 1445(c).

### I.

### *Factual Background.*

Plaintiff alleges in her complaint that she received a work-related injury in September, 1983. She contends that her claim for worker's compensation benefits was denied and that she was forced to bring suit under the Tennessee Worker's Compensation Act. She also contends that she was later terminated from her employment because of her persistence in pursuing her worker's compensation claim, and that the defendants used as a pretext for terminating her the plaintiff's failure to provide sufficient medical documentation to verify her inability to work.

Plaintiff is a member of the Atomic Trades and Labor Council, AFL–CIO, and its affiliated Local # 480. As such, her employment was subject to a collective bargaining agreement entered into between her union and Martin Marietta and effective beginning June 22, 1984. Articles III and IV of the collective bargaining agreement provide for the final and binding resolution of employee grievances, including grievances respecting termination of employees. Prior to the initiation of this lawsuit, a grievance was filed on behalf of the plaintiff regarding her termination complained of in this action. That grievance was processed through the grievance procedures and denied. Plaintiff appealed that denial to arbitration and that appeal is currently pending arbitration.

### II.

### *Removal Under § 1445.*

Plaintiff contends that removal of this action was improper because her claim arises under the Tennessee Worker's Compensation Laws. 28 U.S.C. § 1445(c) provides as follows: "A civil action in any State Court arising under the Workman's Compensation Laws of such State may not be removed to any District Court of the United States." This Court is of the opinion that plaintiff's complaint arises not under the Tennessee Worker's Compensation statute, but is filed as an independent tort action which is removable.

In *Clanton v. Cain-Sloan Company,* 677 S.W.2d 441 (Tenn.1984), the Tennessee Supreme Court recognized that a cause of action existed in Tennessee for at-will employees who were terminated because they filed worker's compensation claims. The Tennessee Supreme Court recognized that a cause of action for retaliatory discharge, "although not explicitly created by the statute, is necessary to enforce the duty of the

employer, to secure the rights of the employee and to carry out the intention of the legislature." *Id.* at 445.[1] Subsequently, in *Van Cleave v. McKee Baking Company*, 712 S.W.2d 94 (Tenn.1986), the Supreme Court noted that a claim for damages for retaliatory discharge is not a part of a worker's compensation claim, but is a separate tort action. *Id.* at 95. Under the decisions of the Tennessee Supreme Court, a retaliatory discharge claim is an independent tort action judicially created. Therefore, it does not arise under the worker's compensation statute of the State of Tennessee and its removal is not barred by 28 U.S.C. § 1445(c). *See Waycaster v. AT & T Technologies, Inc.*, 636 F.Supp. 1052 (N.D.Ill.1986) (Where state worker's compensation statute did not expressly create private cause of action and such action was created by judicial decision, such an action did not "arise" under state worker's compensation statute within the meaning of § 1445(c)). Moreover, as indicated below, plaintiff's wrongful discharge is preempted by federal labor law. As such, it arises not under state law but federal law.

### III.

### *Federal Preemption.*

The defendants contend that plaintiff's claim arises under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, which preempts state law envoked to regulate activity that is the subject of a collective bargaining agreement. It is noted initially that the factual question at issue in plaintiff's wrongful discharge action is identical to the factual question which plaintiff currently presents to the arbitrator: Was plaintiff discharged in retaliation for the filing of her worker's compensation claim or was she fired for just cause? More generally, the question presented is whether federal labor law preempts a state tort action where the factual question presented in both actions is identical.

■ The above question is not directly answered in *Allis-Chalmers Corporation v. Lueck*, 471 U.S. 202, 105 S.Ct. 1904, 85 L.Ed.2d 206 (1985). Nor has the United States Court of Appeals for the Sixth Circuit yet addressed this exact question. *See Julia Fisher v. Martin Marietta Energy Systems*, 815 F.2d 703 (6th Cir.1987) (Pretermitting preemption issue in wrongful discharge action). However, on the basis of the decisions of the Supreme Court in *Lueck* and other cases, I am of the opinion that § 301 preempts plaintiff's wrongful discharge action.

In *Lueck*, the Supreme Court found a Washington tort action for bad faith handling of an insurance claim to be preempted by § 301. The Court concluded that state law rights and obligations that do not exist independently of collective bargaining agreements are preempted by those agreements. The Court also reasoned that a tort action permitting a grievant to side-step available grievance and arbitration procedures eviscerates a central tenet of federal law. *Id.* 471 U.S. at 219–20, 105 S.Ct. at 1915–16. The Court explained:

> A final reason for holding the Congress intended § 301 to preempt this kind of derivative tort claim is that only that result preserves the central role of arbitration in our "system of industrial self-government." *Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 581 [80 S.Ct. 1347, 1352, 4 L.Ed.2d 1409] (1960). If respondent had brought a contract claim under § 301, he would have had to attempt to take the claim through the arbitration procedure established in the collective-bargaining agreement be-

---

1. The Court notes that *Clanton* creates a cause of action on behalf of employees-at-will, but does not create a cause of action on behalf of employees protected already under collective bargaining agreements. The Tennessee courts have not yet addressed this question, but it would not appear necessary to extend the *Clanton* protection beyond employees-at-will. Recognizing a wrongful discharge action on behalf of employees working under collective bar- gaining agreements would permit them to litigate their discharge claims twice. There is a serious question as to whether or not the Tennessee Supreme Court would so extend the *Clanton* doctrine. This court expresses no opinion on this question but, as indicated in Part III below, if such a cause of action were recognized on behalf of protected employees, it would be preempted by federal labor law.

fore bringing suit in court. Perhaps the most harmful aspect of the Wisconsin decision is that it would allow essentially the same suit to be brought directly in state court without first exhausting the grievance procedures established in the bargaining agreement. The need to preserve the effectiveness of arbitration was one of the central reasons that underlay the Court's holding in *Lucas Flour. See* 369 U.S. [95] at 105 [82 S.Ct. 571, 7 L.Ed.2d 593]. The parties here have agreed that a neutral arbitrator will be responsible, in the first instance, for interpreting the meaning of their contract. Unless this suit is preempted, their federal right to decide who is to resolve contract disputes will be lost.

Since nearly any alleged willful breach of contract can be restated as a tort claim for breach of a good-faith obligation under a contract, the arbitrator's role in every case could be bypassed easily if § 301 is not understood to preempt such claims. Claims involving vacation or overtime pay, work assignment, *unfair discharge*—in short, the whole range of the disputes traditionally resolved through arbitration—could be brought in the first instance in state court by a complaint in tort rather than in contract. A rule that permitted an individual to side-step available grievance procedures would cause arbitration to lose most of its effectiveness, *Republic Steel Corp. v. Maddox,* 379 U.S. 650, 653 [85 S.Ct. 614, 616, 13 L.Ed.2d 580] (1965), as well as eviscerate a central tenet of federal labor-contract law under § 301 that it is the arbitrator, not the court, who has the responsibility to interpret the labor contract in the first instance.

*Id.* at 219–20, 105 S.Ct. at 1915–20 (emphasis supplied).

Unless this Court finds this action preempted by § 301, the plaintiff will be able to bring her claim twice and subvert the "Congressional goal of a unified federal body of labor-contract law." *Id.* at 220, 105 S.Ct. at 1920.

Finally, the Court observes that the collective bargaining agreement at issue does not provide an explicit "just cause" provision. However, as defendants point out, the decisions of arbitrators interpreting the general body of federal labor law imply such a just cause standard to collective bargaining agreements where such a clause is absent from the agreement.

Since a wrongful discharge action in this case interferes with the workings of federal labor law, it is preempted. Accordingly, defendants' motion for summary judgment [Court File # 5] is GRANTED, plaintiff's motion to remand [Court File # 7] is DENIED, and this action is DISMISSED.

Order accordingly.