**Jack BEARDEN and Cindy Bearden, Plaintiffs,**

**v.**

**PNS STORES, INC., a California corporation dba MacFrugal's Bargains, Close–Outs, Defendant.**

**No. CV–S–94–397–HDM–(RJJ).**

United States District Court, D. Nevada.

May 31, 1995.

Randall M. Rumph, Shinehouse & Duesing, Las Vegas, NV, for plaintiffs.

Stephanie M. Smith, & Elissa F. Cadish, Jolley, Urga, Wirth & Woodbury, Las Vegas, NV, for defendant.

### *ORDER*

JOHNSTON, United States Magistrate Judge.

■ This matter was submitted to the undersigned Magistrate Judge on Plaintiffs' Motion For Remand Pursuant to 28 U.S.C. § 1445(c). (# 23).[1]

### *BACKGROUND*

Plaintiffs, Jack and Cindy Bearden (the Beardens), originally filed this action in the Eighth Judicial District Court for the State of Nevada. The Beardens brought several claims for relief including a state tort action for retaliatory discharge for filing a worker's compensation claim.

On April 29, 1994, Defendant, PNS Stores (PNS), removed this action to federal court pursuant to the federal diversity jurisdiction provisions of 28 U.S.C. § 1441(b). Over the next six months, both parties filed various pleadings with this court. In particular, the Beardens filed an amended complaint, a joint status report, a motion to strike affirmative defenses and submitted numerous interrogatories and requests for production of documents to the Defendant.

On October 21, 1994, the Beardens filed this motion to remand (# 23) pursuant to 28 U.S.C. § 1445(c), which provides that a civil action arising under the workers' compensation laws of a state may not be removed to federal court. The Beardens assert that Section 1445(c) applies to the instant case because their retaliatory discharge claim arises under Nevada's workers' compensation laws. PNS opposes this motion, arguing that: 1) section 1445(c) does not apply because the

---

1. A Motion for Remand Pursuant to 28 U.S.C. § 1445(c) is a non-dispositive pretrial matter that does not terminate the litigation or dispose of any claim. The motion is therefore assigned to a U.S. Magistrate Judge in this district pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule 500-3.

Beardens' claim of retaliatory discharge does not arise under the workers' compensation laws of Nevada; 2) the Beardens waived their right to remand by failing to bring this motion within the 30–day limit prescribed by 28 U.S.C. § 1447(c); and 3) the Beardens waived their right to remand by "purposefully availing" themselves of this federal court. Both parties also seek an award for attorneys' fees and costs.

## DISCUSSION

### I. APPLICATION OF 28 U.S.C. § 1445(c)

The Beardens argue that their retaliatory discharge claim arises under Nevada's workers' compensation laws and that removal is therefore improper under 28 U.S.C. § 1445(c). PNS disagrees, arguing that section 1445(c) is inapplicable because retaliatory discharge is a state tort claim independent from Nevada's workers' compensation statute.

Section 1445(c) provides that:

A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States.

■ The phrase "arising under," as used in section 1445(c), has been broadly defined to include all actions which are part of a state's workers' compensation scheme. *Jones v. Roadway Express, Inc.,* 931 F.2d 1086, 1092 (5th Cir.1991); *Thompson v. Cort Furniture Rental Corp.,* 797 F.Supp. 618, 620 (W.D.Tenn.1992). This broad definition has been adopted to further "Congress's intent that 'all cases under a state's workers' compensation scheme remain in state court.'" *Thompson,* 797 F.Supp. at 620, citing *Jones,* 931 F.2d at 1092. Thus, "it [is] clear that where a cause of action is specifically enumerated in a [state's workmen's compensation] statute, it 'arises under'" that state's workmen's compensation laws. *Thompson,* 797 F.Supp. at 620.

■ A more difficult question arises however, where, as in the instant case, the retaliatory discharge action has not been explicitly provided for in the workmen's compensation statute, but, rather, has been "judicially recognized" in order to give effect to the statute. In such cases, the vast majority of district courts have held that the retaliatory discharge claim does, indeed, "arise under" the state's workmen's compensation law. *See e.g., Jones,* 931 F.2d at 1092; *Thompson,* 797 F.Supp. at 619–24; *Wallace v. Ryan–Walsh Stevedoring Co., Inc.,* 708 F.Supp. 144 (E.D.Tex.1989); *Kilpatrick v. Martin K. Eby Construction Co., Inc.,* 708 F.Supp. 1241 (N.D.Ala.1989); *Orsini v. Echlin, Inc.,* 637 F.Supp. 38 (N.D.Ill.1986); *Alexander v. Westinghouse Hittman Nuclear Inc.,* 612 F.Supp. 1118 (N.D.Ill.1985); *Roberts v. Citicorp Diners Club, Inc.,* 597 F.Supp. 311 (D.Md.1984); *Thomas v. Kroger Co.,* 583 F.Supp. 1031 (S.D.W.Va.1984); *Kemp v. Dayton Tire & Rubber Co.,* 435 F.Supp. 1062 (W.D.Okla.1977). These rulings have been based upon the fact that, in each respective case, a "substantive right to be free from retaliatory discharge [had been] statutorily-created, even [though] the remedy was provided by the courts [in the form of a tort] rather than by a statutory provision creating a private right of action." *Gonzales v. City of Mesa,* 779 F.Supp. 1050, 1052–53 (D.Ariz. 1991), citing, *Alexander,* 612 F.Supp. at 1121, *Kilpatrick,* 708 F.Supp. at 1243, *Wallace,* 708 F.Supp. at 147. Therefore, although a private cause of action for retaliatory discharge may not be explicitly provided for under a workers' compensation statute, it may, nonetheless, arise under that statute if: 1) the statute prohibits retaliatory discharge; and 2) the private cause of action has been judicially recognized in order to give effect to the statute. *See, Thompson,* 797 F.Supp. at 619–24.

### A. Nevada's Workers' Compensation Law

Retaliatory discharge is a cause of action which arises under Nevada's workers' compensation statute. Nevada's workers' compensation statute prohibits retaliatory discharge; and, a private cause of action for retaliatory discharge has been recognized to give effect to this statutory prohibition.

### 1. Nevada's Statutory Prohibition Against Retaliatory Discharge

The Nevada workers' compensation statute, entitled the "Nevada Industrial Act"

(N.R.S. §§ 616.010–616.750), prohibits retaliatory discharge. Specifically, Subsection 616.265(1)(b) of the Act provides:

> A contract of employment, insurance, relief benefit, indemnity, *or any other device,* having for its purpose the waiver or modification of the terms or liability created by this chapter is void.

(Emphasis added).

This provision is substantially similar to those found in other states (*See Thompson,* 797 F.Supp. at 621–22, citing, *Clanton v. Cain–Sloan Co.,* 677 S.W.2d 441, 444–45 (Tenn.1984); *Frampton v. Central Indiana Gas Co.,* 260 Ind. 249, 297 N.E.2d 425, 428 (1973)) and prohibits the implementation of *"any device"* which would waive or modify an employer's obligation under the state's workers' compensation laws. Although Nevada courts have not explicitly defined the term "device," other jurisdictions with substantially similar statutes have held that this term encompasses retaliatory discharge.

> We believe [that] ... discharge ... [is] a 'device' within the framework of [the statute], and hence, in clear contravention of public policy....
>
> Retaliatory discharge for filing a workmen's compensation claim is a wrongful, unconscionable act and should be actionable in a court of law....

*Frampton,* 297 N.E.2d at 428.

The Nevada Supreme Court has specifically adopted the rationale and conclusion of *Frampton* in *Hansen v. Harrah's,* 100 Nev. 60, 675 P.2d 394 (1984). In doing so, the Nevada Supreme Court also recognized a private cause of action for retaliatory discharge.

> Failure to recognize the cause of action of retaliatory discharge for filing a workmen's compensation claim would only undermine Nevada's Act and the strong public policy behind its enactment. The Supreme Court of Indiana first recognized this rationale and created a cause of action in *Frampton v. Central Indiana Gas Company,* 260 Ind. 249, 297 N.E.2d 425, 427 (1973).
>
> The Act created a duty in the employer to compensate employees for work-related injuries (through insurance) and a right in the employee to receive such compensation. But in order for the goals of the Act to be realized and for public policy to be effectuated, the employee must be able to exercise his right in an unfettered fashion without being subject to reprisal. If employers are permitted to penalize employees for filing workmen's compensation claims, a most important public policy will be undermined. The fear of being discharged would have a deleterious effect on the exercise of a statutory right. Employees will not file claims for justly deserved compensation—opting, instead, to continue their employment without incident. The end result, of course, is that the employer is effectively relieved of his obligation.

Many other states, as a result of similar reasoning, have also adopted or recognized a public policy exception to the at-will rule making retaliatory discharge for filing a workmen's compensation claim actionable in tort.

> We know of no more effective way to nullify the basic purposes of Nevada's workmen's compensation system than to force employees to choose between a continuation of employment or the submission of an industrial claim.... It would not only frustrate the statutory scheme, but also provide employers with an inequitable advantage if they were able to intimidate employees with the loss of their jobs upon the filing of claims for insurance benefits as a result of industrial injuries.

*Hansen,* 100 Nev. at 63–64, 675 P.2d 394 (citations omitted).

Retaliatory discharge for filing a workmen's compensation claim is a device which, if freely used, would "nullify the basic purposes of Nevada's workmen's compensation system." The use of this device is clearly prohibited under N.R.S. § 616.265(1)(b).

**2. Cause of Action for Retaliatory Discharge Recognized to Give Statute Effect**

Because retaliatory discharge is a device which would frustrate the worker's compen-

sation scheme by effectively relieving an employer of its obligations under the statute, the Nevada Supreme Court has recognized a private cause of action as a remedy against its use.

In view of the foregoing, our course is clear. We elect to support the established policy of this state concerning injured workmen and ... recogniz[e] that retaliatory discharge by an employer stemming from the filing of a workmen's compensation claim by an injured employee is an actionable tort.

*Hansen,* 100 Nev. at 64, 675 P.2d 394.

■ The Nevada Supreme Court went on to point out that "[s]ince both the cause of action and the remedy are governed by the law of torts, there is no basis for administrative relief within the framework of the State Industrial Insurance system, and hence no need to exhaust purported administrative remedies as suggested by employers." *Hansen,* 100 Nev. at 64–65, 675 P.2d 394. At first blush, this language may appear to contradict the Beardens' argument that a retaliatory discharge claim arises under the state's workers' compensation scheme. Although a retaliatory claim arises under the workers' compensation system, it is not a proceeding under the workers' compensation system. Any application of Section 1445(c) requires a recognition of this dicotomy.

■ Therefore, the Bearden's private cause of action for retaliatory discharge arises under Nevada's workmen's compensation scheme because: 1) the right to be free from retaliatory discharge is created under Nevada's workers' compensation statute; and, 2) the Nevada Supreme Court has recognized a private civil action as a remedy for violation of the right to be free from retalia-

tory discharge. Accordingly, under 28 U.S.C. § 1445(c), the Bearden's suit was improperly removed.

## II. WAIVER OF RIGHT TO REMAND

### A. Application of 28 U.S.C. § 1447(c)

Having determined that the Bearden's suit was improperly removed, the court must next decide whether the Bearden's waived their right to remand under 28 U.S.C. § 1447(c).[2] Section 1447(c) provides that a motion to remand, based on a "defect in removal procedure," must be filed within thirty days after the filing of the notice of removal. In contrast, a motion based on a lack of subject matter jurisdiction may be filed at any time prior to final judgment. *Resolution Trust Corp. v. BVS Development, Inc.,* 42 F.3d 1206, 1211 (9th Cir.1994).

The legislative history of Section 1447(c) sheds some light on the scope of "defect in removal procedure" by revealing that Congress intended the 30–day limit to apply "to any ground other than a lack of subject matter jurisdiction." *In re Shell Oil Co.,* 932 F.2d 1523, 1526 (5th Cir.1991), quoting, H.R.Rep. No. 889, 100th Cong., 2d Sess. 72, *reprinted in* 1988 U.S.Code Cong. & Admin.News 5982, 6033; 14A Wright, Miller & Cooper, *Federal Practice and Procedure,* § 3739 at 206 (2d ed. Supp.1994).[3] Specifically, the Section-by Section Analysis contained in The Report of the House Judiciary Committee, which accompanied the 1988 amendment to section 1447(c), stated:

So long as the defect in removal procedure does not involve a lack of federal subject matter jurisdiction, there is no reason why either State or Federal courts, or the parties, should be subject to the burdens of

---

**2.** Section 1447(c) states, in pertinent part:
A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded....

**3.** A few courts have defined "defect in removal procedure" more narrowly in certain non-procedural, non-jurisdictional cases. *See e.g., Foster v. Chesapeake Ins. Company, Ltd.,* 933 F.2d 1207

(3rd Cir.1991), *cert. denied,* 502 U.S. 908, 112 S.Ct. 302, 116 L.Ed.2d 245 (1991) (forum selection clause case); *Melahn v. Pennock Ins., Inc.,* 965 F.2d 1497 (8th Cir.1992) (abstention is not a procedural defect under 1447(c)); *see also, Bennett v. Liberty National Fire Ins. Co.,* 968 F.2d 969 (9th Cir.1992) ("district court remanded on abstention grounds rather than on grounds enumerated in section 1447(c)"). This limited line of cases is not applicable as the instant case involves improper removal rather than a non-procedural, non-jurisdictional matter.

shuttling a case between the two courts that each have subject matter jurisdiction. There is also some risk that a party who is aware of a defect in removal procedure may hold the defect in reserve as a means of forum shopping if the litigation should take an unfavorable turn. *The amendment provides a period of 30 days within which remand must be sought on any ground other than lack of subject matter jurisdiction.*

*In re Shell Oil Co.,* 932 F.2d at 1526, quoting, H.R.Rep. No. 889, 100th Cong., 2d Sess. 72, *reprinted in* 1988 U.S.Code Cong. & Admin.News 5982, 6033. (emphasis added).

The court must therefore determine whether improper removal, under section 1445(c), constitutes a lack of subject matter jurisdiction. If the answer is in the affirmative, the 30–day limit will not apply to the Beardens' motion to remand. Conversely, if the opposite is true, the Beardens will have waived the improper removal as their motion to remand was filed beyond the 30–day limit.

The Fifth Circuit Court of Appeals has held that improper removal is distinguishable from a lack subject matter jurisdiction and is therefore waived if no motion to remand is filed within the 30–day limit. *Williams v. AC Spark Plugs Div. of General Motors Corp.,* 985 F.2d 783 (5th Cir.1993). Specifically, the court held:

> [Section 1447(c) ] makes a distinction between procedural defects in removal and lack of subject matter jurisdiction. If a plaintiff finds fault with a procedural element in removal, he has only thirty days in which to make a motion to remand. On the other hand, if he asserts that the federal court lacks subject matter jurisdiction, he may move to remand at any time before final judgment.
>
> The crucial issue in this case, then, is whether [defendant's] removal was a procedural defect that required [plaintiff] to move for remand within thirty days. We conclude that the statutory restriction against removal is not a matter of substantive jurisdiction, but rather a procedural defect that [plaintiff] waived.
>
> . . . .

Only in the case of a lack of subject matter jurisdiction—such as no diversity of citizenship, or the absence of a federal question if that were the sole ground for removal—may the plaintiff object to removal after the thirty-day limit. Any other objection is procedural and waived after thirty days.

*Williams,* 985 F.2d at 786–87 (footnote omitted).

The Beardens argue that the *Williams* holding is flawed and unpersuasive. Specifically, they claim that improper removal, under Section 1445(c), is a question of subject matter jurisdiction and may therefore be objected to at any time prior to final judgment. In effect, the Beardens suggest that because there is a lack of removal jurisdiction, i.e., improper removal under § 1445(c), there must also be a lack of subject matter jurisdiction.

■ The court finds no merit in the Beardens' argument. It is well-settled that removal jurisdiction is distinct from subject matter jurisdiction. *See Prescott v. United States,* 523 F.Supp. 918, 939 (D.Nev.1981), *aff'd,* 731 F.2d 1388 (9th Cir.1984); *Baris v. Sulpicio Lines, Inc.,* 932 F.2d 1540, 1543–44 (5th Cir.1991), *cert. denied,* 502 U.S. 963, 112 S.Ct. 430, 116 L.Ed.2d 449 (1991); *Hurt v. Dow Chemical Co.,* 963 F.2d 1142, 1144 (8th Cir.1992); 14A Wright, Miller & Cooper, § 3721 at 194–95 (removal jurisdiction varies from original subject matter jurisdiction).

> It is well-settled that although Title 28 U.S.C. § 1445(c) prevents workmen's compensation suits from being removed to federal court if filed by claimants in state courts, such suits may still be filed in federal court pursuant to Title 28 U.S.C. § 1332 if there is diversity of citizenship and the amount in controversy is in excess of [the statutory amount], exclusive of interest and costs.

*Prescott,* 523 F.Supp. at 939, *citing Horton v. Liberty Mutual Ins. Co.,* 367 U.S. 348, 81 S.Ct. 1570, 6 L.Ed.2d 890 (1961).

The defendant has demonstrated that the plaintiffs were, at the time of the filing of this action, both residents and citizens of the state of Nevada. The defendant, MacFru-

gal's Bargains and Closeouts, Inc. was, at the time of the filing of this action a corporation incorporated under the laws of the state of Delaware, having its principal place of business in the state of California. Accordingly, complete diversity of citizenship exists by and between the parties. Additionally, the face of plaintiffs' complaint satisfies the jurisdictional amount in controversy requirement in that plaintiffs' prayer for relief seeks damages in excess of Fifty Thousand Dollars ($50,000.00). The plaintiffs do not challenge the defendant's factual predicate for diversity jurisdiction. Therefore, this is a civil action of which this court has original jurisdiction under 28 U.S.C. § 1332.

In *Baris*, the Fifth Circuit distinguished between a lack of removal jurisdiction and a lack of subject matter jurisdiction and held that the former is waivable while the latter is not. *Baris*, 932 F.2d at 1543–44, *citing Grubbs v. General Elec. Credit Corp.*, 405 U.S. 699, 703, 92 S.Ct. 1344, 1347–48, 31 L.Ed.2d 612 (1972). "Unless challenging the court's assertion of subject matter jurisdiction, a motion [to remand] must be made within thirty days after the filing of the notice of removal." *14A Wright, Miller & Cooper, Federal Practice and Procedure*, Section 3739 at 208 (2d ed. supp.1994). Our own circuit court of appeals has held that Section 1447(c) prohibits even a district court from remanding a case *sua sponte* on procedural grounds more than 30 days after the case was removed. *Maniar v. F.D.I.C.*, 979 F.2d 782, 784 (9th Cir.1992).

■ Thus, the lack of removal jurisdiction is a procedural defect and does not constitute a lack of subject matter jurisdiction. Accordingly, because Beardens' motion is not based on a lack of subject matter jurisdiction, the 30–day limit prescribed by § 1447(c) is applicable. Having filed their motion beyond this 30–day period, the Beardens waived their right to remand.

### B. Waiver Through Invoking Jurisdiction of Court

The Beardens also waived their right to remand by filing numerous pleadings and discovery requests after the case was removed to this federal court. *See Meadows v.*

*Bicrodyne Corp.*, 785 F.2d 670, 672 (9th Cir. 1986) (party who repeatedly appeared before the federal court waived right to remand).

### III. DEFENDANT'S ATTORNEYS' FEES

■ Under section 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." This decision is left to the court's discretion and is not contingent upon a finding of bad faith. *Moore v. Permanente Medical Group, Inc.*, 981 F.2d 443, 447 (9th Cir. 1992).

At least one district court has used its discretion, under section 1447(c), to award attorneys' fees and costs to a defendant who successfully opposed a motion to remand. *See Barraclough v. ADP Automotive Claims Services, Inc.*, 818 F.Supp. 1310, 1313 (N.D.Cal.1993) (Plaintiff manipulated defendant into removal, then moved to remand). PNS urges the court to follow this precedent by granting it an award of attorney's fees and costs.

■ The court declines to award attorneys' fees and costs to PNS. The motion to remand involved substantial issues of law which neither this district nor the Ninth Circuit had previously addressed. The Court also finds no evidence of tactical manipulation by the Beardens. Under these circumstances, an award is inappropriate. *See American Inmate Phone Systems, Inc. v. US Sprint Communications Co.*, 787 F.Supp. 852 (N.D.Ill.1992).

### ORDER

Based on the foregoing, and good cause appearing therefore,

IT IS HEREBY ORDERED that plaintiffs' Motion to Remand (# 23) is DENIED.