DIANA MORRIS,                          )          Tennessee Claims
                                       )          No.   012174
           Claimant/Appellee           )
                                       )
v.                                     )          Appeal No.
                                       )          01A01-9612-BC-00569
STATE OF TENNESSEE,                    )
                                       )
           Defendant/Appellant         )


IN THE COURT OF APPEALS OF TENNESSEE
MIDDLE SECTION AT NASHVILLE


APPEAL FROM THE TENNESSEE CLAIMS COMMISSION
AT NASHVILLE, TENNESSEE


HONORABLE W. R. BAKER, COMMISSIONER




FILED

October 3, 1997

Cecil W. Crowson
Appellate Court Clerk


John Knox Walkup
Attorney General and Reporter

Michael E. Moore
Solicitor General

Michael W. Catalano
Associate Solicitor General
Office of the Attorney General
Executive Offices
500 Charlotte Avenue
Nashville, TN 37243-0497
ATTORNEYS FOR DEFENDANT/APPELLANT

Bill Hodde
305 Rivergate Park Building
1994 Gallatin Road, North
Madison, TN 37115-2023
ATTORNEY FOR CLAIMANT/APPELLEE


VACATED and DISMISSED


                              WILLIAM H. INMAN, SENIOR JUDGE

CONCUR:

HENRY F. TODD, PRESIDING JUDGE, MIDDLE SECTION

WILLIAM C. KOCH, JR., JUDGE

| | | |
|---|---|---|
| DIANA MORRIS, | ) | Tennessee Claims |
| | ) | No.  012174 |
| Claimant/Appellee | ) | |
| | ) | |
| v. | ) | Appeal No. |
| | ) | 01A01-9612-BC-00569 |
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Defendant/Appellant | ) | |

O P I N I O N

_____This action was filed October 15, 1992 before the Tennessee Claims Commission.  The plaintiff sought two-fold relief: (1) benefits under the Workers' Compensation Law, TENN. CODE ANN. § 50-6-101 *et seq.,* and (2) damages for the tort of alleged retaliatory discharge for filing a claim for workers' compensation benefits, as allegedly authorized by TENN. CODE ANN. § 9-8-301 *et seq.*  The claims were bifurcated.

The claim for workers' compensation benefits was heard October 22, 1993. The Commissioner found that the plaintiff sustained a work related injury on August 24, 1990 during the course of her employment as an account clerk with the Department of Corrections, and that she was 90 percent permanently partially disabled as a result of this accident and entitled to benefits accordingly, plus 124 weeks for temporary total disability.[1]

With respect to that portion of the complaint seeking to recover damages for the asserted tort of retaliatory discharge, the defendant filed a motion to dismiss pursuant to RULE 12.02(1), TENN. R. CIV. P., for lack of subject matter jurisdiction. The Commissioner overruled the motion on January 30, 1995, holding that the jurisdictional statute of the Claims Commission[2] was sufficiently broad to

---

[1]The total award was for 484 weeks.  So far as the record reflects, there were no post-judgment proceedings questioning this award and we will not further notice it.  Neither do we address the anomaly inherent in the combination of these judgments.

[2]TENN. CODE ANN. §9-8-307(a)(1)(k).

2

"accommodate a claim for damages for the tort of retaliatory discharge." The claim then lay fallow for 19 months when the Commission entered an Order, on September 9, 1996, that "the claimant has factually and legally established that she was discharged because she filed a workers' compensation claim," but reserved the issue of damages for a later determination. A judgment for damages in the amount of $300,000.00 was entered on November 9, 1996.

The State appeals the award of damages for a retaliatory discharge and presents for review the issues of (1) whether the Claims Commissioner erred in holding that he had subject matter jurisdiction over the cause of action for retaliatory discharge for filing a workers' compensation claim against the State, and (2) whether the Commissioner erred in holding that the claimant is entitled to damages in the amount of $300,000.00 for retaliatory discharge when the only relief available for retaliatory discharge is equitable relief. In light of our disposition of the case, we do not reach the second issue.

The Tennessee Claims Commission is an administrative tribunal. TENN. CODE ANN. § 9-8-301(a). It has exclusive jurisdiction to determine all monetary claims against the State falling within certain enumerated categories, one of which, (k), is alleged to confer jurisdiction in the Commission to entertain the subject action. TENN. CODE ANN. § 9-8-307(a)(1)(k) provides:

> (K) Worker's compensation claims by State employees, including injuries incurred by national guard members, state defense force members, civil air patrol members, civil defense agency personnel and emergency forest fire fighters while on active duty and in the course of that duty;

> _____(l) The Commission's payment of these claims shall be in such amount and subject to such limitations set forth in title 50, chapter 6 . . .

In finding subject matter jurisdiction in this case, the Commissioner reasoned that the

> "jurisdictional statute . . . incorporates the provisions of Title 50, Chapter 6 of the Tennessee Code (TENN. CODE ANN. § 50-6-101, *et seq.)* upon which all worker's compensation cases in the Claims Commission are decided . . . a retaliatory discharge is a 'device' within the meaning of TENN. CODE ANN. § 50-6-114[3]"

---

[3] "No . . . regulation or other device shall . . . operate to relieve any employer of any obligation . . . "

3

and cited *Anderson v. Standard Register Co.,* 857 S.W.2d 555 (Tenn. 1993) as authority for his action.

*Anderson* did not address a jurisdictional issue. Neither was it concerned with the creation of a cause of action. The issue was whether the facts as pleaded and proved constituted the previously recognized tort of retaliatory discharge, and thus *Anderson* is wholly inapposite to the case at hand.

The jurisdiction of the Claims Commission is not general. The legislature clearly limited its jurisdiction to certain categorized claims, none of which is a claim for damages for a retaliatory discharge. It is beyond peradventure that such a claim is a disparate tort, for which the State has not consented to be sued. Absent specific consent, the State is immune from liability for damages resulting from torts committed by its employees. TENN. CONST., ART. 1, SECT. 17; *Kirby v. Macon County,* 892 S.W.2d 403 (Tenn. 1994).

To paraphrase *Kirby,* the Claims Commission Act was an 'Act of Grace' to the extent it exposed the State Treasury to the payment of certain determined, described claims, but not further or otherwise.

The firing of an employee for filing a workers' compensation claim was recognized as an actionable tort by the Supreme Court of Tennessee in *Clanton v. Cain-Sloan Company,* 677 S.W.2d 441 (Tenn. 1984). This judicial remedy was created thusly:

> "In our opinion, a cause of action for retaliatory discharge, although not explicitly created by the statute, is necessary to enforce the duty of the employer, to secure the rights of the employee and to carry out the intention of the legislature. A statute need not expressly state what is necessarily implied in order to render it effectual."

Related cases soon followed. In *Van Cleave v. McKee Baking Co.,* 712 S.W.2d 94 (Tenn. 1986), the Court held that "[a] claim for damages for retaliatory discharge is not part of a workers' compensation claim but is a separate tort action . . . " To the same effect is *Smith v. Lincoln Brass Works,* 712 S.W.2d 470 (Tenn. 1986) in which a claim for damages for retaliatory discharge was treated as a tort action that cannot be joined with a workers' compensation claim. *See also, Weber v. Moss,* 938 S.W.2d 387 (Tenn. 1996).

We need not belabor the point nor engage in analysis where none is required. The Tennessee Claims Commission is without jurisdiction to entertain claims against the State for damages for the tort of retaliatory discharge.

The judgment is accordingly vacated and the action is dismissed at the costs of the appellee, Diana Morris, and any surety on her undertaking.

_____
William H. Inman, Senior Judge

CONCUR:


_____
Henry F. Todd, Presiding Judge, Middle Section


_____
William C. Koch, Jr., Judge

5