785 F.2d 310
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JOE L. ROBINSON, Plaintiff-Appellant,
v.
ROBERT C. DAUGHERTY AND DELCO MORAINE DIVISION, GENERAL
MOTORS CORPORATION, Defendants-Appellees.
 85-3569
 United States Court of Appeals, Sixth Circuit.
 1/21/86
 
 ORDER
 BEFORE: JONES and NELSON, Circuit Judges; and PECK, Senior Circuit Judge.
 
 
 1
 Plaintiff is appealing from a judgment dismissing his civil rights action. The appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel agrees unanimously that oral argument is not necessary. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 The record shows that on February 12, 1974, plaintiff sustained an injury while working for the defendant Delco Moraine Division, General Motors Corporation. He filed a claim with the Ohio Bureau of Workers' Compensation which was denied. On March 14, 1978, he filed a complaint in the Common Pleas Court of Montgomery County, Ohio. The Common Pleas Court dismissed plaintiff's case for want of prosecution, and the Ohio Court of Appeals found that the trial court did not abuse its discretion in dismissing the action.
 
 
 3
 Whereupon, plaintiff filed the present case in federal court against his former employer and Robert C. Daugherty, the former Administrator of the Ohio Bureau of Workers' Compensation. Plaintiff alleged primarily that his former attorney (who was not named or made a party to this action) had failed to prosecute his case in state court because he (plaintiff) was black and the attorney was white. In his 'Second Motion to Amend Complaint' and 'Motion to Amend Motion for Jurisdiction,' plaintiff also alleged that judges and other officials of the Ohio state courts had discriminated against him in handling his workers' compensation claim.
 
 
 4
 In an order filed June 25, 1985, the district court dismissed plaintiff's action for lack of subject matter jurisdiction. This timely appeal followed.
 
 
 5
 It is elementary that 'state action' must exist to support a claim under 42 U.S.C. Sec. 1983. Flagg Brothers, Inc. v. Brooks, 436 U.S. 149, 155 (1978). It is true that a private individual or entity who conspires with state officials to deprive a citizen of his constitutional rights may be held accountable under Section 1983. Martin-Marietta Corp. v. Bendix Corp., 690 F.2d 558 (6th Cir. 1982). However, plaintiff has not alleged conspiracy in the instant case, nor has he named as defendants any officials of the state court system who allegedly discriminated against him.
 
 
 6
 The district court properly concluded that plaintiff failed to state a federal cause of action. He has not presented a claim of racial discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e et seq. Plaintiff cannot establish jurisdiction under 28 U.S.C. Sec. 1357 ('Injuries under Federal laws') because plaintiff was not enforcing any federal laws when he was injured. Finally, 28 U.S.C. Sec. 1445(c) provides that 'A civil action in any State court arising under the workmen's compensation laws of said State may not be removed to any district court of the United States.'
 
 
 7
 Regardless of whether plaintiff may have a cause of action against his former attorney or officials of the state courts, the allegations made against the present defendants do not state a claim cognizable in federal court.
 
 
 8
 Therefore, it is ORDERED that the judgment of the district court be and it hereby is affirmed. Rule 9(d)(2), Rules of the Sixth Circuit.