**Barbara HINES, Plaintiff,**

v.

**MARRIOTT INTERNATIONAL, INC., Defendant.**

**No. 1:02–CV–2331.**

United States District Court, N.D. Ohio, Eastern Division.

Nov. 26, 2002.

Paul W. Flowers, W. Craig Bashein, Bashein & Bashein, Cleveland, OH, for Barbara Hines, Plaintiff.

Michael Soto, Steven M. Loewengart, Squire, Sanders & Dempsey, Columbus, OH, for Marriott International, Inc., Defendant.

### MEMORANDUM & ORDER

O'MALLEY, District Judge.

For the reasons stated below, the plaintiff's motion to remand (docket no. 7) is **GRANTED,** and this matter is **REMANDED** to the Cuyahoga County, Ohio Court of Common Pleas, where it was originally filed. Hines's motion for attorney fees, pursuant to 28 U.S.C. § 1447(c), is **DENIED.** Furthermore, because the issue of disqualification of counsel will remain for decision by the state court, the Court DIRECTS the parties to proceed as scheduled with briefing of the question whether current counsel for defendant Marriott

must be disqualified because a lawyer from the firm is a potential witness.

### I. The Complaint.

Marriott International, Inc. removed this action to this Court from the Cuyahoga County, Ohio Court of Common Pleas. Hines alleges that she was injured while working for her employer, Marriott International, Inc., and subsequently filed a complaint with the Ohio Bureau of Worker's Compensation ("OBWC") seeking compensation for those injuries. Marriott is a self-insured employer for the purposes of Worker's Compensation coverage. Pursuant to Hines's claim, Marriott paid Hines temporary, total disability benefits from September 27, 2000 through June 30, 2002. On June 30, 2002, however, Marriott stopped paying Hines any disability benefits.

On August 22, 2002, Hines filed a motion for an emergency hearing with the OBWC challenging Marriott's termination of benefits. Hines also filed a "self-insured complaint" with the OBWC, asserting that Marriott's termination of her benefits unilaterally, without first requesting a hearing, violated several provisions of the Ohio Workers' Compensation Act and also several OBWC administrative rules. On September 26, 2002 the OBWC held a hearing on Hines's emergency motion. The Hearing Officer found in favor of Hines and ordered Marriott to pay her temporary total disability benefits retroactive to July 1, 2002, up until the date of the hearing and continuing upon the submission of further medical evidence.[1] On October 22, 2002, the OBWC found that Hines's self-insured complaint was valid and that Marriott had violated both the Ohio Administrative Code and the Ohio Revised Code when it had terminated her benefits without first requesting a hearing.[2]

Following the Hearing Officer's ruling, Marriott did pay temporary disability benefits to Hines from July 1, 2002 to September 1, 2002, as ordered, but it then refused to pay her any benefits beyond that date. Accordingly, on October 25, 2002, Hines filed a second self-insured complaint with the OBWC, complaining that Marriott had failed to pay her benefits after being ordered to do so.[3]

The critical allegation in the instant case is that Marriott's "conduct in refusing to pay Hines the benefits in question has been malicious, purposeful, and designed to cause harm to the plaintiff." Complaint at ¶ 17. Hines explains that she "intends to establish that [Marriott] has purposely refused to issue payment to her in retaliation for her pursuit of the claim and in a deliberate effort to dissuade other workers from exercising their rights to worker's compensation benefits." Motion to remand at 2. Accordingly, Hines states a claim for intentional and tortious conduct by virtue of its purposeful refusal to pay her worker's compensation benefits.

---

1. Although not alleged in the complaint, the administrative docket reveals that Marriott appealed the Hearing Officer's determination, but the Hearing Officer's conclusion was affirmed at every level of appeal. Marriott has stated it will ask the Industrial Commission of Ohio to "reevaluate its denial of [Marriott's] request for reconsideration" and, if the Industrial Commission denies this request, Marriott may file a petition for writ of mandamus in the state court of appeals.

2. Although not alleged in the complaint, the administrative docket reveals that Marriott has filed a motion for reconsideration of the OBWC's determination that Hines's first·self-insured complaint was valid.

3. Although not alleged in the complaint, the administrative docket reveals that the OBWC found Hines's second self-insured complaint was also valid. However, a motion to reconsider has been granted.

The common-law claim that Hines asserts is authorized by *Balyint v. Arkansas Best Freight Syst., Inc.*, 18 Ohio St.3d 126, 480 N.E.2d 417 (1985). In that case, the Ohio Supreme Court held that a plaintiff can assert a claim sounding in tort for "intentionally and wrongfully terminating workers' compensation payments to an injured employee." *Id.* at 419; syllabus at ¶ 1 ("An employee of a self-insured employer may maintain a cause of action against the employer for the intentional and wrongful termination of workers' compensation payments."). The question raised in Hines's motion to remand is whether this Court can properly exercise jurisdiction over a *Balyint* claim.

## II.  *Jurisdiction.*

Marriott removed this case to this Court based on diversity of citizenship—Hines is a citizen of Ohio, while Marriott is a citizen of Delaware and Maryland. Hines asserts that, in spite of 28 U.S.C. § 1332, which authorizes this Court to exercise diversity jurisdiction, removal was improper under 28 U.S.C. § 1445(c). This latter statute states that "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States."

In response to Hines's motion for remand, Marriott argues that, while Hines's claim may be "related to" Ohio's worker's compensation laws, her claim does not actually "arise under" those laws, so § 1445(c) does not apply. Put differently, Marriott argues that, "because [Hines's] cause of action is founded on common law and has not been codified in Ohio's worker's compensation laws, it does not arise under Ohio's worker's compensation laws." Response at 1.

There is certainly authority from outside of the Sixth Circuit supporting Marriott's position. As explained in *Rundle v. Frontier–Kemper Constructors, Inc.*, 170 F.Supp.2d 1075 (D.Colo.2001):

a split of authority has emerged in the Circuits. This split centers primarily on whether the cause of action has been codified in the state's workers' compensation statute. In cases where the cause of action is statutorily created, the claim is generally held to 'arise under' for purposes of § 1445(c). Conversely, where the claim has been judicially created, removal has been held proper under § 1445(c).

*Id.* at 1079. *See also Jones v. Roadway Exp., Inc.*, 931 F.2d 1086, 1092 n. 3 (5th Cir.1991) (noting that "[s]ome federal district courts in jurisdictions outside Texas have denied motions to remand on section 1445(c) grounds [based on the reasoning] that, because the retaliatory discharge action was judicially and not statutorily created, it was not a part of the workers' compensation laws").

The Sixth Circuit Court of Appeals has mentioned § 1445(c) in only three cases, all unpublished, and has not discussed the statute in any detail. *See Snuggs v. Excel Mfg. of Kentucky, Inc.*, 1999 WL 623747 (6th Cir. Aug.11, 1999); *Thornton v. Denny's Inc.*, 1993 WL 137078 (6th Cir. Apr.29, 1993); *Robinson v. Daugherty*, 1986 WL 16447 (6th Cir. Jan.21, 1986), *cert. denied*, 479 U.S. 827, 107 S.Ct. 106, 93 L.Ed.2d 55 (1986). In *Snuggs*, the plaintiff alleged her employer violated Kentucky *statutory* law when it ceased paying her worker's compensation benefits. The *Snuggs* court summarily concluded, with no discussion, that the plaintiff's claim arose under Kentucky's workmen's compensation laws, so removal was precluded by § 1445(c). In *Thornton*, the plaintiff filed a Michigan *common law* claim against his ex-employer for "retaliatory discharge for filing a workmen's compen-

sation claim." 1993 WL 137078 at *2. The *Thornton* court concluded, with no discussion, that it had jurisdiction over the claim, despite § 1445(c), because Michigan's "worker's compensation statute provides neither the mechanisms nor the remedy for this type of suit." *Id.* at *2. This bare conclusion does give limited support to Marriott's position that removal of this case is not precluded by § 1445(c). On the other hand, the *Thornton* court's decision is difficult to square completely with *Robinson*, where the plaintiff claimed that his employer and various "officials of the Ohio state courts had discriminated against him in handling his workers' compensation claim." 1986 WL 16447 at *1. The *Robinson* court concluded it did not have jurisdiction over this claim by virtue of § 1445(c).

In sum, existing Sixth Circuit case law does not make clear which side of the split in authority this Court should follow. A district court in Tennessee, however, has carefully examined the issue in light of binding precedent and has rejected the distinction between statutorily- and judicially-created remedies for retaliation connected with seeking worker's compensation benefits. *Thompson v. Cort Furniture Rental Corp.,* 797 F.Supp. 618 (W.D.Tenn.1992). In *Thompson,* the Tennessee plaintiff brought a common law claim against his employer, alleging he was discharged in retaliation for having filed a state workers' compensation claim. The employer removed the case and the plaintiff moved to remand, citing § 1445(c); the employer responded with the same arguments Marriott raises here.

The *Thompson* court granted the motion to remand and included the following points in its analysis, many of which seem persuasive:

- the plain language of § 1445(c), itself, which refers to actions "arising under the workmen's compensation laws," makes no distinction between actions premised on common law and actions premised on statutory law.

- another jurisdictional statute, 28 U.S.C. § 1331, includes the phrase "actions arising under the … laws … of the United States." The Supreme Court has construed this phrase to be a statutory grant of jurisdiction over "claims founded upon federal common law as well as those of a statutory origin." *National Farmers Union Ins. Companies v. Crow Tribe of Indians,* 471 U.S. 845, 850, 105 S.Ct. 2447, 85 L.Ed.2d 818 (1985). The same construction should apply to § 1445(c).

- "a cause of action for retaliatory discharge, although not explicitly created by the [worker's compensation statute], is necessary to enforce the duty of the employer, to secure the rights of the employee and to carry out the intention of the legislature." *Thompson,* 797 F.Supp. at 622. Thus, "but for" the state worker's compensation act, the tort claim would not exist, and it "arises under" the worker's compensation laws.

Other courts have made similar points in support of their conclusion that § 1445(c) should not be construed so narrowly as to ignore the purposes behind its enactment:

- The legislative history of § 1445(c) "makes plain why Congress acted. Congress found that '[i]n a number of States the workload of the Federal courts has greatly increased because of the removal of workmen's compensation cases from the State courts to the Federal courts.' S.Rep. No. 1830, reprinted in 1958 U.S.C.C.A.N. 3099, 3105." *Arthur v. E.I. DuPont de Nemours & Co.,* 58 F.3d 121, 124 (4th Cir.1995). Disallowing the removal of a case that challenges the award (or non-award) of worker's compensation

benefits appears to be precisely what Congress was aiming to achieve.[4]

- "[T]he statutes conferring removal jurisdiction are to be construed strictly because removal jurisdiction encroaches on a state court's jurisdiction." *Brierly v. Alusuisse Flexible Packaging, Inc.,* 184 F.3d 527, 534 (6th Cir. 1999), *cert. denied,* 528 U.S. 1076, 120 S.Ct. 790, 145 L.Ed.2d 667 (2000).

These points combine to preponderate strongly in support of Hines's arguments. On the other hand, the Sixth Circuit's conclusion in *Thornton* suggests the Court of Appeals might find the dichotomy between statutory and common law worker's compensation retaliation claims jurisdictionally meaningful. Ultimately, this Court is persuaded that remand is appropriate *in this particular case* because, even if the dichotomy is jurisdictionally meaningful in some contexts, Hines's claim is too integrally related to her worker's compensation claims to be deemed "independent of" the state statutory scheme governing such claims.

In most of the cases that examine whether a common law claim "arises under" worker's compensation laws, the claim asserted is one for retaliatory discharge—the plaintiff alleges she was terminated in retaliation for having filed a claim for worker's compensation benefits. In this type of claim, the retaliatory activity has a nexus to—is instigated by—the worker's compensation claim, but the retaliatory activity does not directly involve worker's compensation benefits. In contrast, Hines alleges that Marriott's tortious activity was to discontinue her worker's compensation benefits themselves, by refusing to follow the statutory scheme and ignoring the OBWC's administrative orders. In this case, the alleged tortious activity does not have a mere "nexus" to Hines's application for an award of worker's compensation benefits; the tortious activity is the *refusal to pay* the legal award of worker's compensation benefits. Complaint at ¶ 17. As such, Hine's claim is not simply "related to" Ohio's workmen's compensation laws, it "arises under" those laws, within the meaning of § 1445(c).

In sum, the Court finds the motion for remand is well-taken. Because the wrongful action alleged in a *Balyint* claim is the "intentional and wrongful termination of workers' compensation payments" themselves, and is not a retaliatory discharge, demotion, or some other discrete activity in the workplace, a *Balyint* claim must be construed as one that "arises under" Ohio's worker's compensation laws, regardless of whether a retaliatory discharge claim would be so construed. Accordingly, pursuant to 28 U.S.C. § 1445(c), the removal of this case from state court was improper, and this Court does not have jurisdiction over it. The case is remanded to the Cuyahoga County, Ohio Court of Common Pleas, where it was originally filed. Because Marriott did have a reasonable basis to believe removal was appropriate, however, Hines's motion for attorney fees, pursuant to 28 U.S.C. § 1447(c), is denied.

**IT IS SO ORDERED.**

---

**4.** The *Arthur* court affirmed denial of a motion to remand (that is, affirmed federal jurisdiction) because the claim asserted in that case was not a challenge to an award of worker's compensation benefits; rather, it was a claim for damages in excess of those benefits, which allegedly flowed from an intentional injury by the employer. Hines's claim, in contrast, challenges Marriott's refusal to pay worker's compensation benefits to which she is legally entitled.